In the Matter of WARREN L. SAUSSER, Appellant, against DEPARTMENT OF HEALTH OF THE CITY OF NEW YORK, Respondent.

**New York city — department of health — permit to conduct X-ray laboratory — limited permit to take radiographs may not be arbitrarily denied because applicant proposes to read and explain pictures — mere reading and explaining of pictures do not constitute diagnosis or treatment of disease.**

Under the provisions of section 107 of the Sanitary Code of the city of New York which provides that an X-ray laboratory may be conducted by any " other person whose knowledge, experience and qualifications to operate and use an X-ray machine are satisfactory to the Health Department," the department may not arbitrarily reject the application of a concededly experienced and skilled X-ray photographer for a limited permit to take radiographs, on the theory that he proposes to explain what the pictures show and consequently to diagnose and treat disease.   The mere reading and explaining of an X-ray photograph do not constitute diagnosis or treatment.

*Matter of Sausser* v. *Dept. of Health,* 212 App. Div. 872, reversed.

(Argued November 24, 1925; decided January 12, 1926.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered February 27, 1925, which affirmed an order of Special Term denying a motion for an alternative order

of mandamus to compel the department of health of New York city to issue to petitioner a permit to maintain an X-ray laboratory in that city.

*Clarence S. Nettles* for appellant.   The action of the department of health in denying appellant's application for a permit to operate and maintain an X-ray laboratory was arbitrary, capricious and unreasonable, and an abuse of the discretion with which it is invested. (*Crowley* v. *Christensen,* 137 U. S. 86; *People ex rel. Lodes* v. *Department of Health,* 189 N. Y. 187; *People ex rel. E. C. T. Club* v. *State Racing Commission,* 190 N. Y. 31.)

*George P. Nicholson, Corporation Counsel* (*John F. O'Brien, Willard S. Allen* and *Russell Lord Tarbox* of counsel), for respondent.   The refusal of a permit to appellant by the board of health constitutes an exercise of honest discretion and the courts below must be deemed to have so determined. (*Ellis-Joslyn Pub. Co.* v. *Common Council,* 223 N. Y. 445; *People ex rel. Agnis & K., Inc.,* v. *Bd. of Health,* 197 App. Div. 562.)   Since appellant does not possess a clear legal right to a permit, the board of health was empowered to exercise its administrative discretion for the purpose of appraising his credibility and to refuse to issue a permit. (*People ex rel. Millard* v. *Chapin,* 104 N. Y. 96; *People ex rel. Harris* v. *Comrs. Land Office,* 149 N. Y. 26 )

HISCOCK, Ch. J.   The petitioner became the proprietor of an X-ray laboratory which he desired to operate in the city of New York.   Section 107 of the Sanitary Code of that city provided: " No person shall maintain, operate or conduct an X-ray laboratory   *   *   *   wherein radiographs are taken, diagnoses made or human beings examined or treated by X-rays, without a permit therefor issued by the Board of Health, or otherwise than in accordance with the terms of said permit and with the regulations of the said Board."   Supplementary to this

section the board adopted a regulation providing: " Every
X-ray laboratory shall at all times be in charge and under
the direction of a duly licensed physician *or other person*
whose knowledge, experience and qualifications to operate
and use an X-ray machine are satisfactory to the Health
Department." It will be noted that these regulations
provide for the operation of an X-ray laboratory for the
purpose (1) of taking radiographs, or (2) making diagnoses,
or (3) examining and treating persons by X-rays; also that
such laboratory need not be under the management of
a duly licensed physician but may be conducted by any
" other person whose knowledge, experience and qualifi-
cations to operate and use an X-ray machine are satis-
factory to the Health Department."

Petitioner made an application for a permit under these
regulations to enable him to conduct a laboratory. His
petition in effect states that the only operations which
he desires to conduct are those of taking radiographs
and not at all those of making diagnoses or treating
patients and his formal application filed with the health
department sustains this claim. The correspondence with
the department of health on his original application for
a permit and the affidavits filed in opposition to this
application for an order of mandamus make it plain, as
I think, that the department of health and the courts
have proceeded on an entirely different and inapplicable
theory in denying his application. This correspondence
and these affidavits concede petitioner's experience and
skill as an X-ray operator. They could not well do
otherwise in view of the facts set out in his petition.
They assume, however, that the petitioner proposes to
diagnose and treat diseases of the spine; that his status
as a chiropractor is not recognized as giving him any
standing in the medical profession or any qualifications
for diagnosing and treating diseases and that, therefore,
his application should be denied.

As I have said this theory and view seem to be entirely

inapplicable as a reason for denying the permit which petitioner desired. He did not propose to diagnose or treat, but only to take X-ray pictures and explain what those pictures show in the way of obvious physical conditions of the spine and which pictures would then be used if at all by some other person in connection with diagnosis and treatment. Certainly taking an X-ray photograph is not diagnosis or treatment nor do I think that mere explanation of what that photograph shows is diagnosis or treatment. An X-ray photograph would not show much to an ignorant and inexperienced eye. To one who is skillful and has understanding it would show a certain location or external condition of the spine, for instance, and I do not think that the explanation of what was thus shown would go beyond the limits of X-ray photography any more than the explanation of what appeared to be a blotch or shadow upon an ordinary photograph would go beyond the limits of ordinary photography. It may be conceded that the reading of an X-ray photograph would be a slight and necessary step in diagnosis and treatment but it would fall far short of what we understand by those terms which comprehend not only knowledge of a certain condition such as would be shown by the X-ray photograph but, beyond that, medical or surgical consideration of what may have caused the condition presented to the eye and of the treatment which ought to be given to it.

It rather seems to be the case that the authorities and the courts have so concentrated their vision upon the fact that the petitioner is a chiropractor of unrecognized standing in the medical profession that they have inadvertently overlooked the other fact that he is not urging his right to a limited permit because he is a chiropractor but simply because he is a concededly experienced and skilled X-ray photographer and, therefore, qualified as that " other person " mentioned in the Sanitary Code to take radiographs. The respondent could not arbitrarily reject

his application.   (*Matter of Picone* v. *Comr. of Licenses*, 241 N. Y. 157.)

There being no question that the petitioner was entitled to have his application for a permit to operate a laboratory for the purpose · of taking and reading X-ray photographs granted, and there being no dispute about the remaining facts and no demand by defendant or necessity for an alternative order, the orders appealed from should be reversed, with costs in all courts and an order made directing the issue of such permit, with ten dollars costs.

CARDOZO, POUND, MCLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ., concur.

Orders reversed, etc.