WALTER E. RICKMAN, Plaintiff, *v.* TERMINAL BARBER SHOPS, INC., Defendant.

Supreme Court, Trial Term, New York County, March 18, 1943.

*James J. Leibman* for plaintiff.

*Arthur S. Gales* and *Joseph S. Robinson* for defendant.

BOTEIN, J. Motion by plaintiff to reargue the motion heretofore made to set aside the verdict of the jury in favor of the defendant is granted. Upon such reargument the motion to set aside the verdict and for a new trial is denied.

The movant urges that the court erred in refusing to charge that defendant was required to be licensed in order to practice physiotherapy.

The mere use of an electric machine by defendant's operators in rendering treatments to the plaintiff herein did not require that the operators be licensed as physiotherapists. The treatments rendered to the plaintiff may have constituted electrotherapy, which is an agency of physiotherapy. However, they did not differ in essence from treatment with electrical appliances by unlicensed beauticians, which have been held to be legal in this State. (*People* v. *Lehrman,* 251 App. Div. 451, affd. 276 N. Y. 479; *Engel* v. *Gerstenfeld,* 184 App. Div. 953.) The evidence is undisputed in this case that the plaintiff sought to beautify his body rather than secure treatment for a disease or deformity.

*People* v. *Mari* (260 N. Y. 383), cited by plaintiff, is distinguished from the foregoing cases because the defendant Mari, a licensed physiotherapist, was charged with practicing medicine without a license by diagnosing and essaying to treat a patient for rheumatism. The defendant herein did not practice medicine as such practice is defined in subdivision 7 of section 1250 of the Education Law. The evidence of the plaintiff and the defendant's employees, when considered together with the pamphlet received in evidence, establishes clearly that the defendant did not hold itself out as able to, nor did it offer or undertake to, diagnose, treat, operate and prescribe for a human disease, pain, injury, deformity and physical condition of the plaintiff. While circumstances are readily conceivable whereunder the defendant could practice medicine illegally in the operation of these machines, there was no evidence adduced during the trial warranting such a finding in this case.

The other grounds urged by the plaintiff do not require discussion herein.