## (June 22, 1948.)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MICHAEL SCALLON, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* KATHRYN SCALLON, Appellant.

*Per Curiam.* The series of medical treatments illegally rendered by defendants to the persons named in the indictment, with the exception of a single treatment by defendant Michael Scallon, were rendered in New York County. The single treatment administered by defendant Michael Scallon, at Port Washington, in the county of Nassau, to the patient Hildegarde Hutchings, had to be proven in order to complete the narrative of the course of medical treatments illegally given to this patient, the rest of which occurred in New York County. In *People* v. *Devinny* (227 N. Y. 397) the indictment, which was held to have been insufficient, failed to name the persons charged with having been treated, and the Court of Appeals pointed out that whenever an offender has held himself out as able to and has offered to treat a patient, there has been a completed

offense. It is urged that the one treatment given by defendant Michael Scallon
to this patient in Nassau County was a separate crime, committed exclusively
in that county, and that it therefore could not be tried or given in evidence in
a trial in New York County. That is not true where a course of treatments
has been given to the same individual. The People ought not to be precluded
from pleading and proving the whole course of treatments, so as to make a
full disclosure of what occurred, merely because one of the treatments happens
to have been administered by one of the defendants in another county. Section
134 of the Code of Criminal Procedure was designed to obviate that difficulty.
Counsel for the defendants did not object to the admission, as against defendant
Kathryn Scallon, of the testimony concerning the treatment rendered in Nassau
County by defendant Michael Scallon, nor did he regard it as of sufficient
importance to make a request that the jury be instructed to consider it only as
against the defendant Michael Scallon. Such a request would have been proper,
but failure to give such an instruction was not prejudicial and did not affect the
substantial rights of defendant Kathryn Scallon. (Code Crim. Pro., § 542).

The judgments of conviction should be affirmed.

COHN, J. (dissenting). In the first count of the indictment, the only one
submitted to the jury, appellants were improperly charged with the commission
of the crime of unlawful practice of medicine "between April 15th, 1943 and
up to and including October 15th, 1944, in the Counties of New York and
Nassau, in the State of New York". Over appropriate objection proof was
offered by the People and received by the court in support of this count to
establish illegal acts committed not only in the county of New York during the
time specified but also an act of alleged unlawful practice of medicine committed
on October 15, 1944, in Port Washington, in the county of Nassau. The juris-
diction of the Court of General Sessions is of course limited to trial of crimes
committed in the county of New York (Code Crim. Pro., § 51). In my view
receipt of this testimony was prejudicial error as against both defendants.
Moreover, proof as to what occurred in Nassau County was received against
both defendants though concededly the only defendant who participated in
the alleged unlawful practice in that county was the defendant Michael Scallon.
This too was error. Accordingly, I dissent and vote to reverse the judgment
as to each defendant and to grant a new trial.

Glennon, J. P., Callahan, Van Voorhis and Shientag, JJ., concur in Per
Curiam opinion; Cohn, J., dissents in opinion.

Judgments affirmed.