Per Curiam.

Appeal from an order made at the Court of General Sessions, New York County, dismissing upon the minutes of the Grand Jury an indictment charging defendant with: (1) the unlawful practice of medicine, (2) unlawful advertising *193 to practice medicine, and (3) unlawful use of designation of the term “ chiropractor ”, tending to imply that she is a practitioner of medicine (Education Law, art. 131, §§ 6501, 6502, 6513, subd. 2, pars, [a], [b]).
The testimony adduced before the Grand Jury shows that numerous persons were examined and treated by defendant for various ailments, such as backache, headache, arthritis, heart condition, hay fever and asthma. Defendant, according to the proof, for fees paid undertook to cure or alleviate the conditions complained of by adjustment and manipulation of the spine. That the treatments by defendant were in some instances beneficial is wholly immaterial. Proof of specific acts to the effect that defendant was examining and treating persons for human disease is sufficient to sustain the count of unlawfully practicing medicine within the meaning of the statute (Education Law, art. 131, §§ 6501, 6502; People v. Vandecarr, 260 App. Div. 912, affd. 288 N. Y. 640; People v. Scallon, 274 App. Div. 783, affd. 298 N. Y. 805; People ex rel. Bennett v. Laman, 277 N. Y. 368.) In People v. Cole (219 N. Y. 98, 108) the court said: 1 ‘ The language of the statute is very general. It bears evidence in itself that the words were chosen for the express purpose of prohibiting, except upon registration and authorization of the practitioner, as by the statute provided, every means and .method that could thereafter be used or claimed to be used to relieve or cure disease and infirmity by any person * * *.”
The second count accuses defendant of unlawfully advertising to practice medicine in violation of the statute (Education Law, § 6513). This, it is claimed, defendant did by displaying signs, by distributing cards which bore the legend “ chiropractor ”, by a listing as chiropractor in the telephone directory, and by the issuance of pamphlets wherein defendant advertised her availability to treat human diseases. Nowhere in any of the cards, signs or advertisements received in evidence does it appear that defendant held herself out as available for diagnosis, treatment or prescription for diseases or other ailments. A pamphlet entitled “ Health Builder ” was received in evidence before the Grand Jury but there was no proof that such pamphlet was on display or had been distributed or offered for distribution by defendant. For that reason we need not consider its contents.
It is the contention of the Attorney-General that the mere use by defendant of the designation “ chiropractor ” in connec *194 tion with her name tends to imply that she is a practitioner of medicine and that the employment of such term without proof of a holding out to diagnose or treat human diseases, constitutes a violation of the statute. We are unable to accept this view. One who advertises as a chiropractor might conceivably render service consisting of a manual or mechanical massage to the human trunk or limbs such as is permitted to a massage operator (see Administrative Code, art. 26, § B32-193.0). It has been held that the taking of an X-ray photograph is not a diagnosis or treatment nor is the explanation of what the photograph shows so regarded (Matter of Sausser v. Department of Health, 242 N. Y. 66, 69). The statute does not prohibit any form of treatment which does not attempt to alleviate or cure human disease or ailment (People v. Lehrman, 276 N. Y. 479; Engel v. Gerstenfeld, 184 App. Div. 953; Rickman v. Terminal Barber Shops, 180 Misc. 319). This count was properly dismissed.
The third count charges that the mere use of the designation “ chiropractor ” in connection with her name tends to imply that defendant is a practitioner of medicine and that the use of such term without more, by one not duly licensed to practice medicine, is unlawful. For the reasons heretofore set forth, we hold that this count does not charge a crime.
The order dismissing the indictment should accordingly be . modified by reinstating the first count and, as so modified, affirmed.
Dore, J. P., Cohn, Callahan, Van Voobhis and Shientag, JJ., concur.
Order dismissing the indictment unanimously modified by reinstating the first count and, as so modified, affirmed. Settle order on notice.