Chief Judge Desmond (dissenting).
The taking and reading of X-ray photographs is a customary and legal activity of chiropractors and does not constitute the practice of medicine (Matter of Sausser v. Department of Health, 242 N. Y. 66, 69; People v. Maybrook, 276 App. Div. 192, 194, affd. 301 N. Y. 637).
Protecting our citizens from the damaging effects of overexposure to ionizing radiation is one of the lawful functions of the State Public Health Council and of the State Commissioner of Health. That high purpose may lawfully be accomplished by setting standards and tests for technicians, by prescribing or proscribing methods and techniques,, by permitting or forbidding the application of radiation in described situations, and by requiring that equipment carry specified safety devices. But regulation 19 does none of these things. It attempts what this court said unanimously in the Sausser case (242 N. Y. 66, supra) could not legally be done: forbid a skilled and experienced X-ray operator taking X-ray pictures solely because he is a chiropractor. In the Sausser opinion this court said that “ taking an X-ray photograph is not diagnosis or treatment ” and that “mere explanation of what that photograph shows ” is not “ diagnosis or treatment ” (p. 69). Using language equally applicable to the present case, Chief Judge Hiscock wrote that the “ courts have so concentrated their vision upon the fact that petitioner is a chiropractor of unrecognized standing in the medical profession that they had inadvertently overlooked the other fact that he is not urging his right to a * * * permit because he is a chiropractor but simply because he is a concededly experienced and sldlled X-ray photographer and, therefore, qualified # * * to take radiographs. ” As it was the law in 1926 so it is in 1962 and so it will be, I hope, in 2026 and 2062 that, as to occupations like taking X-ray photos, the State may test and examine and regulate and discipline practitioners but it cannot arbitrarily keep men out of the trade or put them out once they are in (Matter of Seignious v. Rice, 273 N. Y. 44, 50).
*123 The Sausser case (supra), say the respondents, is out-of-date because genetic science has discovered that excessive radiation injures human organs. The same argument was made by the City of New York in its brief filed with this court on the Sausser appeal but the Court of Appeals of that day was quick to see the fallacy. Dangers from unskilled operators, careless methods or inadequately protected X-raying devices may lawfully be met by setting up examining and licensing procedures, by inspection and registration of machines and insistence on protective shields and by disciplining the licensed operators. There is no necessity or reason for using the danger as an occasion for abolishing chiropractic in this State.
As Commissioner Hilleboe testified, regulation 19, by forbidding the application of radiation to the human body except on order of a physician, outlaws the taking of X-ray photographs by chiropractors, no matter how trained, equipped or experienced. X-ray photographs may not be taken unless a physician so directs and medical ethics forbid any relationship between physicians and chiropractors, ergo none of the 2,500 persons legally engaged in chiropractic in this State, all of them with X-ray training and some with very large experience and skill in X-ray photography, may hereafter take X-ray pictures or procure them to be taken. Yet the regulation permits any “ other person ”, skilled or unskilled, without examination or certification, using equipment untested for safety, to carry on the trade of X-ray photography so long as he or his customer gets a physician’s authorization for each picture taking. No standards, no minimum requirements, just this neat, simple two-party classification: chiropractors, no; every “ other person ”, yes.
I do not overstate. The Attorney-General’s brief says that the Health Council by the challenged regulation has ordered “ that chiropractors be excluded from the classes of persons entitled to acquire and use X-ray equipment.”
Forty-six States (not including ours) license and regulate chiropractors. No State (except ours by regulation 19) has ever enacted a law or rule making it impossible for chiropractors to take or even use X-ray pictures.
No one denies that various kinds of legal and appropriate protective programs are available. The Health Council has chosen the one method which is not only illegal but impractical as *124 having no directly beneficial effect. I could understand and as a Judge approve of a requirement that the taking of an X-ray photograph must have a physician’s prescription. I cannot vote to sustain the legality of a regulation which while requiring a doctor’s order for the radiograph bars a qualified chiropractor from doing the X raying or even from making such use of the picture as is essential in the examination of his patients or customers before undertaking the bone manipulations characteristic of his specialty.
I have no opinion as to whether this branch of healing art does good or harm to anyone. As a Judge, I am convinced that regulation 19 violates the constitutional rights of chiropractors to follow their chosen calling “ free from unreasonable governmental interference ” (Greene v. McElroy, 360 U. S. 474, 492).
The judgment should be reversed, with costs in all courts, and judgment entered for plaintiffs as prayed for in the complaint.
Judges Fuld, Froessel, Burke and Foster concur with Judge Van Voorhis; Chief Judge Desmond dissents in an opinion in which Judge Dye concurs.
Judgment affirmed.