R. Ross APPLETON, as Receiver of the COOPER EXCHANGE BANK, Appellant, *v.* THE CITIZENS' CENTRAL NATIONAL BANK OF NEW YORK, Respondent.

1. BANKS — CONTRACT BY NATIONAL BANK GUARANTEEING PAYMENT OF LOAN OBTAINED BY ITS DEBTOR FROM THIRD PARTY — ULTRA VIRES — WHEN AND TO WHAT EXTENT LIABLE. Where a national bank, in consideration of an agreement by its debtor that he will devote to the payment of his indebtedness part of the proceeds of a loan to be obtained by him from a third party, guarantees the repayment of a loan for a larger amount than the indebtedness, and the debtor secures the money and performs his agreement, assuming that the guaranty was *ultra vires,* and that the Federal and not the local rule should be adopted, the bank, in case of a default by the debtor, is liable to the extent of the money received by it, since in no jurisdiction can a party retain what it has received under such a contract and refuse to perform the contract.

2. CONSIDERATION. A contention that there was no consideration for the guaranty is untenable where the money was loaned solely by reason thereof.

*Appleton* v. *Citizens' Central Nat. Bank,* 119 App. Div. 889, reversed.

(Argued December 13, 1907; decided January 7, 1908.)

APPEAL from a judgment entered June 1, 1907, upon an order of the Appellate Division of the Supreme Court in the first judicial department which affirmed a judgment of Special Term sustaining a demurrer to and directing a dismissal of the complaint.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Julius M. Mayer* and *John W. Hutchinson, Jr.,* for appellant. The transaction between the Central Bank and the Cooper Bank was not such a contract of guaranty as is inhibited against national banks, but was a written promise made to a third party in the prosecution and collection of an existing valid debt. (*C. Nat. Bank* v. *Pirie,* 82 Fed. Rep. 799; *Bowen* v. *N. Nat. Bank,* 94 Fed. Rep. 925; *A. Nat. Bank* v. *Nat. W. P. Co.,* 77 Fed. Rep. 85; *Morris* v. *T. Nat. Bank,* 142 Fed. Rep. 25; *Nat. Bank* v. *Case,* 99 U. S. 628; *F. Nat. Bank* v. *Nat. E. Bank,* 92 U. S. 122; *Cockrill* v. *Abeles,* 86 Fed. Rep. 505; *C. R. R. & B. Co.* v. *F. L. & T. Co.,* 114 Fed. Rep. 263; *People's Bank* v. *Nat. Bank,* 101 U. S. 181; *Cochran* v. *U. S.,* 157 U. S. 286.) In any event the complaint states a good cause of action, sufficient for the recovery of $10,000. (*Trist* v. *Child,* 21 Wall. 441; *Pollak* v. *Gregory,* 9 Bosw. 116; *Tracy* v. *Talmage,* 14 N. Y. 162; *Oneida Bank* v. *Ontario Bank,* 21 N. Y. 490; *Pratt* v. *Short,* 79 N. Y. 445.)

*John A. Garver* for respondent. Existing indebtedness constituted no consideration whatever for the guaranty. (*Kellogg* v. *Olmsted,* 25 N. Y. 189; *Halliday* v. *Hart,* 30 N. Y. 474; *H. Ins. Co.* v. *Watson,* 59 N. Y. 390; *Robinson* v. *Jewett,* 116 N. Y. 40; *Arend* v. *Smith,* 151 N. Y. 502; *Olmstead* v. *Latimer,* 158 N. Y. 313; *Carpenter* v. *Taylor,* 164 N. Y. 171.) The guaranty is indivisible, and, being void in part, it is void in whole. (*Pollak* v. *Gregory,* 9 Bosw. 116; *McClanathan* v. *Friedel,* 85 Hun, 175; *S. C. Bank* v. *King,* 44 N. Y. 87, 92; *Trist* v. *Child,* 21 Wall. 441.) Under the doctrine of *ultra vires* applicable to this case, the contract sued on was prohibited and void. (*McCormick* v. *Market Bank,* 165 U. S. 538; *California Bank* v. *Kennedy,* 167 U. S. 362; *Sibley* v. *Sibley,* 76 App. Div. 132; *York* v. *Conde,* 147 N. Y. 486; *Benedict* v. *Deshel,* 177 N. Y. 1;

*Frank* v. *M. Nat. Bank,* 182 N. Y. 264; *Concord Bank* v. *Hawkins,* 174 U. S. 364; *Thomas* v. *Railroad Co.,* 101 U. S. 71; *P. R. R. Co.* v. *St. L., etc., R. Co.,* 118 U. S. 290; *O. R. Co.* v. *O. R. Co.,* 130 U. S. 1.)

CULLEN, Ch. J. This action is brought by the plaintiff as receiver of a dissolved bank against the defendant, who is the successor of the Central National Bank of the city of New York. The complaint which thus far has been held not to state a good cause of action alleges that on the 4th day of January, 1904, the bank which the plaintiff represents loaned and advanced to one Mikael Samuels the sum of $12,000 on the written agreement of said Samuels to repay said sum on or before four months after date with interest, the repayment of which said loan the Central National Bank guaranteed by the following instrument: "For and in consideration of one dollar and other good and valuable considerations, the Central National Bank of the City of New York hereby guarantees to the Cooper Exchange Bank the payment at maturity of a loan of twelve thousand dollars, made this day to Mikael Samuels & Co., by the Cooper Exchange Bank;" that at the time of said loan said Samuels was indebted to said Central Bank in the sum of $10,000; that said loan was obtained by said Samuels and guaranteed by said Central Bank for the purpose and upon the agreement that the said Central Bank should receive out of said loan the sum of said $10,000, which Samuels owed to it, which said sum said Central Bank did receive from Samuels; that Samuels failed to pay said loan except the sum of $1,000. Judgment is demanded for the remaining sum of $11,000 and interest. The Appellate Division decided the case by a divided court on the authority of a decision on a previous appeal. The complaint now before us is an amended one and the record does not contain the original complaint, consequently we are not informed as to what difference exists between the allegations of the two pleadings.

The plaintiff has been defeated on the theory that the exe-

cution of the guaranty by the defendant bank was *ultra
vires* and not binding upon it, and upon this ground the
judgments below are sought to be sustained. Had the guar-
anty been limited to the amount which the bank, under
its agreement with Samuels, was to receive out of the loan,
we should be entirely clear that it was within the legitimate
powers of the bank under the decisions of the Supreme Court
of the United States in *People's Bank* v. *National Bank*
(101 U. S. 181) and *Cochrane* v. *United States* (157 U. S.
286). It was there held that a contract of guaranty of paper
held by it was within the implied powers of a national bank,
and this though, as in the later of the cases cited, the note was
not made to the guaranteeing bank, but directly to the order
of another bank to which the guaranty was made. We think,
however, that the defendant's power to guarantee was limited
by the extent of its interest in the subject-matter of the
guaranty. To allow a bank to guarantee the payment by one
of its debtors of a larger sum in order that the bank might
receive or retrieve a lesser sum would be to permit it to enter
upon very hazardous speculation and authorize very wild and
unsafe banking. The learned counsel for the appellant
frankly conceded on the argument that a recovery should be
limited to the amount received by the defendant. It is
insisted, however, that the contract of guaranty must be
deemed either good or bad as an entirety, and cannot be
upheld in part and rejected in part. I am not willing to con-
cede this claim, but it is unnecessary to discuss it, for its
determination is not necessary to the decision of the case.
We may assume that the contract was *ultra vires*. We may
further assume that in transactions by national banks we
should adopt the law of *ultra vires* as it prevails in the
Federal courts, and not the local law on the subject. Yet the
defendant, in our opinion, became plainly liable for the
amount which it received under the *ultra vires* contract.
The law which obtains in this state and in several other juris-
dictions is that where one party has received the full benefit
of an *ultra vires* contract it cannot plead the invalidity of

the contract to defeat an action upon it by the other party.|
(*Bath Gas Light Co.* v. *Claffy*, 151 N. Y. 24).   A contrary
rule obtains in the Supreme Court of the United States.
There it is held that the execution of an *ultra vires* contract by
one party cannot confer upon it validity or authorize the other
party to sue on its obligations (*Central Transportation Com-
pany* v. *Pullman Palace Car Co.*, 139 U. S. 24), but at the
same time it is also held that a party cannot retain money or
property received by it under an *ultra vires* contract when it
refuses to perform that contract.   (*Logan County Bank* v.
*Townsend*, 139 U. S. 67.)    It was there said by Judge
HARLAN : " The bank, in this case, insisting that it obtained
the bonds of the plaintiff in violation of the act of Congress,
is bound, upon being made whole, to return them to him.
No exemption or immunity from this principle of right and
duty is given by the national banking act.   ' The obligation
to do justice,' this court said in *Marsh* v. *Fulton County* (10
Wall. 676, 684), ' rests upon all persons, natural and artificial,
and if a county obtains the money or property of others
without authority, the law, independently of any statute,
will compel restitution or compensation.' "   In a great many
cases the difference between the law prevailing in the Federal
courts and that in our own would lead to great difference in
results.   In this case, however, as the plaintiff disclaims any
right to recover beyond the amount actually received by the
defendant, the result is exactly the same whether we adopt
one rule or the other.   Whatever the difference of view
there may be as to the effect of *ultra vires* on corporate
contracts, in no jurisdiction can a party retain what it has |
received under such a contract and refuse to perform the '
contract.

It is urged by the counsel for the respondent that payment
by its debtor of the claim it held against him constituted no
consideration for the guaranty, for the debtor was bound to
perform his obligation.   There is no force in this suggestion.
The money the defendant received was not that of Samuels,
but the plaintiff's, and Samuels was merely the conduit through

which it was paid to the defendant. It is not a question of consideration between Samuels and the plaintiff, but of consideration between the plaintiff and the defendant. The plaintiff parted with its money solely on the guaranty of the defendant. Whoever heard that the loan of money to the principal was not sufficient consideration for the obligation of the surety? In this case it was the surety who got the money.

Nor is there any force in the suggestion that this action is not brought in disaffirmance of the contract for money had and received but on the contract of guaranty. All the facts are set forth in the complaint, and if these facts entitle the plaintiff to relief on any theory, then the complaint states a good cause of action.

The judgments of the Appellate Division and Special Term should be reversed and judgment rendered for plaintiff on demurrer, with costs in all the courts, with leave, however, to the defendant, within twenty days, to withdraw demurrer and serve answer upon the payment of such costs.

GRAY, HAIGHT, WERNER, WILLARD BARTLETT and HISCOCK, JJ., concur; EDWARD T. BARTLETT, J., taking no part.

Judgment accordingly.