B. BRESSMAN, INC., Respondent, v. ISIDORE MOSSON, Appellant.

Supreme Court, Appellate Term, First Department, May 5, 1926.

Corporations — officers — action by corporation to recover amount of checks signed by president for personal transaction — evidence shows defendant would have been justified in belief that corporation was said officer's alter ego — fiction of corporate entity cannot be used to perpetrate fraud on court — error to direct verdict for plaintiff.

In an action by a corporation to recover the amount of checks signed by the corporation, by the president as such, for real property which said president personally bought from the defendant, on the theory that defendant had notice that plaintiff's president was misusing corporate funds, it was error to direct a verdict for the plaintiff, since it appears that had defendant made reasonable inquiry into the affairs of the corporation he would have been justified in the belief that the corporation was its president *alter ego* and that when defendant accepted the corporation's check he was accepting the president's personal funds; the court will not permit the fiction of the corporate entity to be used to perpetrate a fraud.

APPEAL by defendant from a judgment of the Municipal Court, Borough of Manhattan, Sixth District, in favor of plaintiff in two actions for $1,000 each, after a directed verdict.

*Harry Weinberger*, for the appellant.

*Abraham J. Halprin*, for the respondent.

PER CURIAM. Bressman personally bought land from the defendant and paid for it in part with checks signed by Bressman, Inc., by himself as president. The corporation now sues to recover the amount of those checks, on the theory that defendant had notice that Bressman was misusing corporate funds. (*Rochester*

*& C. T. R. Co.* v. *Paviour,* 164 N. Y. 281, 284; *Wilson* v. *M. E. R. Co.,* 120 id. 145, 152; *Ward* v. *City Trust Co.,* 192 id. 61, 69.) If this were all of the case the argument would be conclusive.

There is one restriction on the doctrine, however. " It is settled that if no inquiry is in fact made to dispel the presumption, but reasonable inquiry would have led to the discovery of facts which would have dispelled it, the purchaser of the paper is entitled to the benefit thereof the same as if he had learned them by proper investigation." (*Ward Case, supra,* 70.) This exception is of importance here. Bressman had a corporation capitalized at $500, formed to make butcher fixtures. The corporation was empowered to buy land. Had the defendant made an exhaustive investigation of the corporation he would have found (1) that there never had been a directors' meeting; (2) that the only money drawn out of the corporation was by the president for his family expenses, which checks were made to his wife's order; (3) that no dividends were ever paid and that Bressman alone drew a salary; (4) that certificates of stock to Isidore and Frank Bressman, who each put in half the capital, had never been issued to them; (5) that no financial statements were ever made to the stockholders. It would seem that the defendant in learning these facts would be justified in concluding that the corporation was Bressman's *alter ego* and that when he took the corporation's check he was accepting Bressman's money. The court will not permit the fiction of the corporate entity to be used to perpetrate a fraud. (*Quaid* v. *Ratkowsky,* 183 App. Div. 428.) Under the circumstances it was error to direct a verdict.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, BIJUR, DELEHANTY and WAGNER, JJ.