ROSE OSTROW, Plaintiff, *v.* MAX KOCH and Others, Defendants.

Municipal Court of New York, Borough of Manhattan, Second District,
January 24, 1928.

Guaranty — name of one lessee stricken from lease — omission to strike said name from guaranty does not render it void — guaranty and lease not separate instruments — corporations — action for rent under lease for which corporate defendant was guarantor — lease was executed for benefit of corporation and it paid rent — corporation primarily liable — ultra vires no defense.

The name of a lessee was stricken from a lease and the initials of the parties thereto inserted in the margin so as to show that such striking out was with the consent of all the parties. The name of the same lessee was not stricken from a guaranty of the lease executed at the same time. This must be deemed a mere clerical error and did not render the guaranty void.

The guaranty of the lease, being a part of the same paper and having been executed simultaneously, each constituted consideration or an inducement for the other and are not to be treated as two separate instruments.

In this action for rent under a lease, for which the corporate defendant became guarantor in writing of the performance thereof, evidence showing that not only did the corporation execute the guaranty intending to guarantee the lease to the individual defendants, but also that the lease was entered into for its benefit and that up to the time of this action it paid the rent with corporate checks, is sufficient to establish that the interest of the corporation in the lease is such as to render it primarily liable thereunder, and the corporation cannot defend on the ground of *ultra vires*.

ACTION for rent under lease and on guaranty of performance of lease.

*Norman M. Beck,* for the plaintiff.

*Hackenberg, Schwartz & Geldhill* [*Joseph S. Gershman* of counsel], for the defendants.

HARAWITZ, J. This is an action against the individual defendants for rent due under a lease of a store at 122 Rivington street, borough of Manhattan, city of New York, and against the corporation defendant for a guaranty in writing of the performance of the lease. The individual defendants have not appeared and have not defended the action but the corporation defendant appeared and defended the action and the same was duly tried.

The lease was executed by the individual defendants Max Koch and Philip Schor, and the guaranty was executed by the corporation defendant ' Geffner & Koch, Inc., and was signed by Philip Schor, one of the individual defendants, as president of the corporation defendant. The corporation seal was also affixed to the guaranty.

The names of the individual defendants Max Koch and Philip Schor appear in the lease as tenants thereunder. The name of Abraham Geffner also appears in the typed portion of the lease as one of the tenants thereunder, but Abraham Geffner's name was stricken out and in the margin of the lease, opposite the part thereof where Geffner's name appeared and was stricken out, are the initials of all the parties to the lease. The guaranty is physically a part of the instrument containing the lease. The guaranty sets forth that " In consideration of the letting of the premises within mentioned to the within named Abraham Geffner, Max Koch and Philip Schor, Geffner & Koch, Inc., guarantee performance of the lease."

Abraham Geffner, however, was not a party to the lease, his name having been stricken therefrom. Abraham Geffner was a party to a previous lease covering the same premises, but he had since withdrawn from the restaurant business conducted by the corporation defendant.

The credible evidence shows that the lease and guaranty were copied from the previous lease and guaranty, and the name of Geffner was inserted by the copyist in the lease and guaranty; that at the time of the execution of the lease by the plaintiff's agent and the individual defendants it was made plain that Geffner was not to be a party to the lease and that the name of Geffner was thereupon stricken from the lease and the initials of the parties to the lease inserted in the margin so as to show that such striking out was with the consent of all the parties to the lease. The evidence further shows that at the same time that the lease was executed the guaranty was also executed by the corporation defendant and that this guaranty referred to the executed lease. The omission to strike the name of Geffner from the guaranty appears clearly to have been an oversight, and there is no doubt whatever that the guaranty was intended to refer to the lease of the premises in question to Max Koch and Philip Schor.

The guaranty sufficiently describes the lease to which it has reference and it is unthinkable that the guaranty should be declared void merely because of what is no more than a clerical error therein. (*Andes Co-operative Dairy Co.* v. *Commercial Casualty Ins. Co.,* 207 App. Div. 102; *Evansville National Bank* v. *Kaufmann,*.

93 N. Y. 273; *Catskill National Bank* v. *Dumary*, 206 id. 550; *New York Life Insurance Co.* v. *Aitkin*, 125 id. 660.)

The guaranty and the lease are not to be treated as if they were two separate instruments, particularly when they are physically a part of the same paper and all the circumstances show that they were executed simultaneously and that each constituted consideration or an inducement for the other; in other words, that the lease would in all probability not have been entered into by the landlord without the guaranty by the corporation of the performance thereof, and that the guaranty was executed by the corporation in consideration of the execution of the lease by the landlord or in order to induce the landlord to enter into the lease.

As the Court of Appeals said in *Catskill National Bank* v. *Dumary* (206 N. Y. 550, 555): " The guaranty was made at the time the contract was executed and for the purpose of interpretation the instruments are to be considered as one."

The evidence leads irresistibly to the conclusion that it was the intention of the corporation executing the guaranty to guarantee the lease to Koch and Schor, and such intention appears upon the face of the guaranty when read in conjunction with the lease, as well as from the attendant circumstances testified to.

This is not a case where there was any alteration of or any deviation from the contract entered into. It is true that an alteration of or a deviation from the contract entered into would void the guaranty. But in the case at bar we have a guaranty of a lease with no alterations in the lease or deviations therefrom after the execution of the guaranty. There is no doubt whatever that the guaranty was intended to apply and did apply to the self same lease which was executed simultaneously therewith.

The guaranty was executed by a corporation which seems to have been a family affair and which seems to have been controlled by the defendants who are the lessees.

While the lessees claim that the stock in the corporation is owned by their wives and that they are merely officers and employees thereof, and while there is no evidence directly contradicting this claim of the lessees, the circumstances of the case furnish ground for a reasonable inference that the lessees are carrying on their own business through the fiction of the corporate entity. (*Bressman, Inc.,* v. *Mosson,* 127 Misc. 282.)

That the corporation and only the corporation received the full benefit of the lease, even though the lessees were the individual defendants Koch and Schor, there is no doubt whatever. The defendant Koch himself testified that the corporation defendant Geffner & Koch, Inc., conducted its restaurant business under the

name of Geffner & Koch, Inc., at 122 Rivington street, the premises leased to the individual defendants by the lease in suit, during a portion of the term of such lease. The individual defendants Koch and Schor never conducted any business at 122 Rivington street. The business conducted there was conducted entirely by the corporation defendant, the guarantor of the lease in suit. Under such circumstances it is plain that if the corporation defendant is not the *alter ego* of the individual defendants Koch and Schor, then the individual defendants received no direct benefit from the execution of the lease by them. Whatever be the fact, it is clear that the corporation defendant was primarily interested in and primarily benefited by the lease which it guaranteed. This disposes completely of the defense of *ultra vires*. (*Appleton* v. *Citizens' Central National Bank of New York,* 190 N. Y. 417; *Bath Gas Light Co.* v. *Claffy,* 151 id. 24.)

It must be found that the corporation defendant was primarily interested in the lease and received the benefits thereof and is directly liable for the rent involved in this suit, and that the corporation defendant is not only a guarantor of the performance of the lease, but that the lease was entered into for the benefit of the corporation, and the interest of the corporation in the lease is such as to render it primarily liable thereunder. Indeed, up to the time the rent involved in this suit became due, the rent for the store in question was paid by the corporation by means of corporate checks.

Judgment should be rendered in favor of the plaintiff against the defendant Geffner & Koch, Inc., for the sum of $350, the relief demanded by the plaintiff, and judgment should be entered accordingly.