

John W. Bricker, Attorney General, Columbus, and J. E. Kelly for plaintiff in error.

Harrington & Avery, Bowling Green, and J. W. Deffenbaugh, Lancaster, for defendants in error.

Clayton Hoffman, Lima, and Bruce W. Neilson, Lima, for plaintiff in error.

Hart, Drukenbrod & McHenry, Canton, for defendant in error.

For full opinion see 40 OLR 43; 189 NE 673; 46 Oh Ap 498.

## STATE ex FULTON v DEAN et

Ohio Appeals, 6th Dist, Wood Co

No 535. Decided Feb 19, 1934

## OPINION

By WILLIAMS, J.

The question presented to us is whether the act of the bank in giving collateral as security

for the deposit was ultra vires and whether, if the act was ultra vires, the bank is entitled to have the securities returned without making payment of the amount owing.

In our judgment the correct rule is laid down by the Court of Appeals of New York in the case of State Bank of Commerce v Stone, 261 N. Y., 175; 184 NE, 750. The opinion in that case is well considered and logical and relieves us of the necessity of writing a reasoned opinion.

We hold that the act of securing private deposits by collateral was ultra vires, and we are of the further opinion that in view of the fact that the transaction was not forbidden by positive statutory enactment in Ohio, it should be treated like all ultra vires acts of a corporation, and that the Superintendent of Banks should not be permitted to take possession of the collateral without paying to the depositors the amount owing.

In State Bank of Commerce v Stone, supra, the court, after holding such act ultra vires, uses this language:

"This does not necessarily mean, however, that the judgment of the courts below must be reversed, as we have to consider the effect of ultra vires. In pledging these bonds, the officers were acting for and on behalf of the bank, and for its business, apparently seeking to obtain deposits which, under the Banking Law, it was authorized to receive. They applied the deposits to the bank's business, and the bank has had and received the benefit of the money due to the agreement which the bank made, and the bonds which it delivered as security. Under these circumstances, it would not be just for the bank or its creditors to accept all the benefits and repudiate the burdens, unless the acts of the bank be in violation of some direct and positive statute. Whatever the difference of view there may be as to the effect of ultra vires on corporate contracts, in no jurisdiction can a party retain what it has received under such a contract and refuse to perform the contract. Appleton v Citizens Central Nat. Bank of New York, 190 N. Y., 417, 83 NE, 470, 32 L.R.A., N.S., 543; American Surety Co. v Phillipine Nat. Bank, 245 N. Y., 116, 156 NE, 634, where the authorities in this state are reviewed."

The money had been on deposit but a very short time and there is no claim made that the equities of third parties have intervened.

Judgment affirmed.

RICHARDS and LLOYD, JJ, concur.