Jacob J. Schwartzwald, J.
Plaintiff moves to strike out the answer of the defendants, to dismiss the counterclaim contained therein and for summary judgment in its favor as prayed for in the complaint. The action is to foreclose a mortgage on real property situated in Brooklyn, Hew York, as well as to foreclose a chattel mortgage on certain personalty contained in the subject premises. Plaintiff also seeks a deficiency judgment against the defendant Brooklyn Fur Storage Corp., the mortgagee, as well as against the defendant Sam Schloss, who guaranteed the payment of the bonds and notes which are secured by the said mortgages.
The defendants do not deny any of the material allegations set forth in the complaint. There is no dispute with respect to the fact that the mortgagor is in default under the mortgages, nor is there any question as to the amount due under the subject *998 mortgages. However, the defendants allege in their affirmative defense and counterclaim that the said mortgages are null and void because the act of the plaintiff in taking such mortgages' is ultra vires and contrary to public policy and, therefore, seek a cancellation of the securities.
Defendants’ claim is predicated on the assertion that the loan made by plaintiff to defendant Brooklyn Fur Storage Corp. was in violation of section 1464 of title 12 of the United States Code in that (a) the said loan and other loans of similar nature were in excess of 15% of the total assets of the plaintiff; (b) the loan was given on the security of the personal property mortgage as well as on real property in contravention of the statute; and (c) the plaintiff, as a Federal savings and loan association, had no authority to grant a loan on the security of the personal property.
The affidavit submitted in support of plaintiff’s motion makes the positive statement, based on knowledge of the affiant, that the loan in question together with the other loans on real property were not in excess of 15% of the total assets of the plaintiff. On the other hand, defendants present no evidentiary facts in denial or contradiction of the facts alleged in plaintiff’s affidavit. The purported claim of the defendants in this respect is alleged merely on information and belief without setting forth the source of such information and belief. Accordingly, no triable issue of fact is properly raised by the unsupported assertions of the defendants.
In any event, assuming arguendo, that plaintiff violated a statute or regulation in making the loans secured by the mortgages being foreclosed in this action, said mortgages are nevertheless valid and enforcible as against defendants.
The making of a loan which might exceed the 15% requirement under section 1464 of title 12 of the United States Code does not make it an ultra vires one. The statute does not declare such security void, but is silent on the subject. If Congress had intended to make such loans void, it would have been easy to say so. If, in making a loan, the statute is violated, a Federal savings and loan association may be subject to certain penalties to be imposed by the supervisory authorities having jurisdiction over it. (U. S. Code, tit. 12, § 1464, subd. [d], pars. [1], [2].) The loan is, nevertheless, a valid one. (National Bank v. Whitney, 103 U. S. 99; Gold-Mining Co. v. National Bank, 96 U. S. 640; Slade v. Squier, 133 App. Div. 666.)
It is well settled in this State that where, as in the case at bar, one party has received the full benefit of an ultra vires contract, it cannot plead the invalidity of the contract to defeat *999 an action upon it by the other party (Appleton v. Citizens’ Cent. Nat. Bank, 190 N. Y. 417, affd. 216 U. S. 196). The courts of this State, as well as the Federal courts, have long adhered to the principle that the plea of ultra vires should not be allowed to prevail, whether interposed for or against a corporation, when it would not advance justice, but, on the contrary, would accomplish a legal wrong. See American Sur. Co. v. Philippine Nat. Bank (245 N. Y. 116,128,129) and cases therein cited; see, also, Woodard v. Southampton Fed. Sav. & Loan Assn. (N. Y. L. J., March 19,1957, p. 9, col. 7).
There is no question that the bonds, notes and mortgages were validly executed by the defendants or their predecessors. It is not disputed that defendants received the sum of $225,000 as a loan secured by the mortgages under foreclosure, or that defendants are in default. It definitely appears, as stated above, that the loan was properly made within the 15% limitation set forth in section 1464, and, even assuming for the sake of argument, that plaintiff’s loan was ultra vires, the defendants cannot be permitted to take advantage of such a defense and thus be unjustly enriched.
It is of no consequence that the defendant Brooklyn Fur Storage Corp., as debtor in possession, has the status and the rights of a trustee in bankruptcy. Under the circumstances of the case at bar, the court holds that the transaction is not ultra vires, nor can the charge of ultra vires be availed of.
There being no triable issue of fact presented, plaintiff’s motion is granted in all respects. Settle order on notice.