EVERETT S. M. BRUNZELL, APPELLANT, v. W. VERNE WOODBURY AND ANDREA WOODBURY, HIS WIFE, WILLIAM R. THORNTON, A MARRIED MAN, AND DORIS H. THORNTON, A SINGLE WOMAN, RESPONDENTS.

No. 5601

January 10, 1969                    449 P.2d 158

*Goldwater, Taber, Hill and Mortimer,* and *Robert E. Rose,* of Reno, for Appellant.

*Woodburn, Forman, Wedge, Blakey, Folsom and Hug,* of Reno, for Respondents.

## OPINION

By the Court, BATJER, J.:

This is an appeal from a summary judgment granted in favor of the respondents for a deficiency on a promissory note in the

amount of $34,557.26, together with interest at the rate of 7 percent per annum, and attorney's fees in the amount of $5,000. The appellant seeks to have the judgment of the lower court reversed on the ground that there remain genuine issues of material fact to be presented to a trier of fact and that the respondents are not entitled to judgment as a matter of law.

On March 23, 1966, appellant and respondents entered into an agreement wherein the respondents agreed to sell to the appellant certain land in Reno, Washoe County, Nevada. According to the terms of the agreement the total purchase price was $136,000, of which $95,000 was to be paid on closing of the escrow, and the balance of $41,000 was to be evidenced by a promissory note secured by a deed of trust. It was further agreed that the purchaser's liability under the promissory note would be limited to such deficiency as might exist after foreclosure of the deed of trust and sale of the subject property.

On April 5, 1966, a promissory note and a deed of trust securing the note were executed by the appellant. There is no contention of, nor is there any, ambiguity in either instrument.

On April 5, 1967, the principal and interest due under the terms of the promissory note remained unpaid, and on May 18, 1967, the respondents instituted proceedings to foreclose the deed of trust. On September 13, 1967, the property was sold to Wilhelm Berger, a stranger to the original transaction, for the sum of $11,500. From this amount was deducted $927.95 to pay expenses incurred in connection with the sale, and the remaining $10,572.05 was disbursed to the respondents. On October 16, 1967, the respondents filed suit to obtain a deficiency judgment.

The appellant contends that the price paid by the purchaser at the foreclosure sale was grossly inadequate, resulting in an excessive deficiency. He makes no contention that the foreclosure was made in any manner other than in accordance with the trustee's powers of sale and according to the applicable law, nor does he contend that there was fraud, oppression or unfairness in procedure at the foreclosure sale. The cases of Nevada Land & Mtge. v. Hidden Wells, 83 Nev. 501, 435 P.2d 198 (1967), and Golden v. Tomiyasu, 79 Nev. 503, 387 P.2d 989 (1963), and cases cited therein dispose of his contention which we find to be without merit.

In Golden v. Tomiyasu, supra, this court held that a sales price representing 28.5 percent of the value of the property was not inadequate and went on to adopt the rule laid down in Oller v. Sonoma County Land Title Company, 137 Cal.App.2d

633, 290 P.2d 880 (1955), that: ". . . inadequacy of price, however gross, is not in itself a sufficient ground for setting aside a trustee's sale legally made; there must be in addition proof of some element of fraud, unfairness, or oppression as accounts for and brings about the inadequacy of price."

In this case, although there is no independent evidence of the value of the property at the date of sale, the sales price of $11,500 was approximately 25 percent of the debt. There is nothing in the record to indicate this price was inadequate, but this is of no consequence since we find that inadequate price standing alone is insufficient grounds for setting aside the sale.

In McMillan v. United Mortgage Co., 82 Nev. 117, 412 P.2d 604 (1966), this court held that the mode for determining the value of the security is to exhaust the security by sale, and went on to say: "In any event, the creditor's opinion of value may not be substituted for the mode of determining that fact."

Here we will not substitute the opinion of the appellant for the accepted mode for determining the value of the security. In accord: Smith v. General Investment, Inc., 150 So.2d 862 (Miss. 1963).

Appellant next contends that when he executed the promissory note and deed of trust, he was not acting as a principal but only as an agent for a disclosed principal and, therefore, cannot be held accountable for the deficiency. There was no evidence on the face of the promissory note or deed of trust that the appellant was acting as an agent. He contends, however, that this is immaterial because his contemporaneous agreement with third parties clearly shows that he was acting as their agent and not acting as a principal, and that this was known by the respondents.

We find the appellant's position untenable. The respondents were never parties to this separate agreement, and they have no legal cause of action against the third parties who were in no way parties to the deed of trust or the promissory note.

Elementary in our scheme of jurisprudence is the principle of law that an agent who signs his own name to an instrument is personally obligated if the instrument neither names the person represented nor shows that the agent signed in a representative capacity. It has been adhered to by a great majority of

the courts in this country and has been the law of this state since early statehood.

In the case of Gillig & Co. v. Lake Bigler Road Co., 2 Nev. 214 (1866), this court held that unless the intention to bind the principal appears on the face of the written instrument, parol evidence is inadmissible to charge him on it.

In Van Haaren v. Whitmore, 38 P.2d 829 (Cal.App. 1934), the court, citing other cases in the field, held: "The rule is well established that extrinsic evidence is not admissible to avoid the liability of the maker of a promissory note who signs in his individual capacity, even though he was acting in a representative capacity for another at the time, when the note is not uncertain, doubtful or ambiguous. Crocker National Bank v. Say, 209 Cal. 436, 288 P. 69; Williams v. Silverstein, 213 Cal. 269, 276, 2 P.(2d) 165. Where, as here, it is contended that the note is not that of the defendants, but of another, it must appear from the instrument itself that the true object and intent of it are to bind the principal and not the person who signed the note, before he can escape personal liability. Hobson v. Hassett, 76 Cal. 203, 18 P. 320, 9 Am.St.Rep. 193. When the parties have deliberately put their agreement in writing, in such language as imports a legal consideration, it is conclusively presumed that the whole engagement and the extent and manner of their undertaking is there expressed."

Also, in Barnett Bros. v. Lynn, 203 P. 387 (Wash. 1922), that court held that if a party knew when the contract was entered into for the benefit of third parties, the contract should have been made to clearly indicate. The absence to so show conclusively indicated that they intended to look only to the parties named in the contract for its performance.

Appellant's third contention that the respondents are estopped from asserting that the appellant is personally liable for the deficiency resulting from the inadequate price received from the trustee's foreclosure sale is entirely without merit.

Here no material issue of fact remained to be tried. As a matter of law the respondents were entitled to an order granting them summary judgment. Short v. Hotel Riviera, Inc., 79 Nev. 94, 378 P.2d 979 (1963).

The judgment of the district court is hereby affirmed with costs.

COLLINS, C. J., ZENOFF, MOWBRAY, and THOMPSON, JJ., concur.