THELMA P. HEWITT, Appellant, *v.* GLASER LAND & LIVESTOCK CO., a Nevada Corporation, Respondent.

No. 11215

April 10, 1981                                    626 P.2d 268

*Scotty Gladstone,* Las Vegas; for Appellant.

*Vaughan, Hull, Marfisi & Copenhaver,* Elko, for Respondent.

## OPINION

*Per Curiam:*

The property at issue in this case, located in Elko County, was formerly owned by John Rudbach. A default judgment, in an action unrelated to the present case, was entered against Rudbach in the Eighth Judicial District Court in 1973. Pursuant to that default judgment the property at issue here was attached and executed upon under the instructions of the judgment creditor (not a party to this case), and on June 20, 1973, a sheriff's certificate of sale was recorded in Elko County showing the sale under execution of Rudbach's interest to respondent Glaser Land & Livestock Company. On June 21, 1974, after the redemption period had expired, Rudbach executed a quitclaim deed of his interest in the property to appellant Hewitt. In 1977, Hewitt commenced this action to quiet title in the property in herself. Glaser counterclaimed to quiet title in itself, and both parties moved for summary judgment. The district court granted Glaser's motion and entered a decree quieting title. Hewitt appeals.

Hewitt claims entitlement to the property as a bona fide purchaser. To claim this status, a purchaser must show, *inter alia,* that the conveyance of legal title was made without notice of outstanding equities. *See* Brophy M. Co. v. B. & D. M. Co., 15 Nev. 101 (1880). In this case, it is undisputed that the sheriff's certificate of sale to Glaser was recorded before the deed to Hewitt was executed by Rudbach. This document, as the district court concluded, imparted notice of Glaser's claim to the property. NRS 111.320; *see* Allison Steel Mfg. Co. v. Bentonite, Inc., 86 Nev. 494, 471 P.2d 666 (1970).

Hewitt argues that the sheriff's certificate could not impart notice to her because of a misdescription of the land in the recorded documents. A description of property is adequate if the property referred to can be identified with certainty by the aid of extrinsic evidence. *See* American Spiritualist Ass'n v. City of Dallas, 366 S.W.2d 97 (Tex.Civ. 1963). There is no dispute that the property in question was the only land owned by Rudbach in Elko County, and that the documents showing Glaser's title were entered under Rudbach's name in the grantee-grantor index. NRS 247.150, 247.190. The partial misdescription in the sheriff's certificate of sale can be corrected by the description of the property in the deed from Rudbach's predecessor in interest to him, which was in the record before the district court. Moreover, it is undisputed that even the misdescription in the sheriff's certificate of sale included part of the land which Rudbach attempted to convey to Hewitt. Thus Hewitt was on notice of Glaser's claim to at least part of the property, and was therefore on notice to inquire further. *See* Allison Steel Mfg. Co. v. Bentonite, Inc., *supra*. Accordingly, Hewitt cannot claim the status of a bona fide purchaser. Brophy M. Co. v. B. & D. M. Co., *supra*.

Hewitt argues that the execution on the property by Rudbach's judgment creditor was unconstitutional because Rudbach was not accorded due process in the notification of the execution sale. *See* Mullane v. Central Hanover Tr. Co., 339 U.S. 306 (1950). Hewitt is without standing to assert Rudbach's rights in arguing that the notice provisions of NRS 21.130(3) as they existed in 1973,[1] were infirm under the Fourteenth Amendment to the United States Constitution. *See* United States v. Raines, 362 U.S. 17 (1960); *see also* Swartz v. Adams, 93 Nev. 240, 563 P.2d 74 (1977) (rights of bona fide purchasers not voided by constitutional defects in execution sale); *cf.* Dombrowski v. Pfister, 380 U.S. 479 (1965) (standing to assert *jus tertii* under First Amendment).

Accordingly, the judgment of the district court is affirmed.

[1]NRS 21.130 was amended in 1975 to provide for notice by mail, 1975 Nev. Stats. ch. 433 § 1, at 651.