JUSTICE LEAPHART,
dissenting.
I dissent. I would affirm the District Court’s holding that Sanders did not have the requisite standing to question the lack of notice to Hannah. The Court voids the tax deed to Gaugers for the reason that the County Treasurer failed to give notice to an interested party, Hannah, as required by § 15-18-212, MCA. The party raising this lack of notice is Sanders. Since Sanders did not acquire an interest in the property until after the tax deed was issued and was not the party who was deprived of the requisite notice, the question arises: “does Sanders have standing to assert Hannah’s right to receive notice?” Sanders does not argue that he has suffered any deprivation of due process because of the lack of notice. Rather, he seeks to advance his claim to the property by asserting a third party’s constitutional right to notice. “[T]he general rule is that ‘a litigant may only assert his own constitutional rights or immunities.’ ” McGowan v. Maryland (1961), 366 U.S. 420, 429, 81 S.Ct. 1101, 1107, 6 L.Ed.2d 393, 401 (quoting United States v. Raines (1960), 362 U.S. 17, 22, 80 S.Ct. 519, 523, 4 L.Ed.2d 524); see also Olson v. Department of Revenue (1986), 223 Mont. 464, 470, 726 P.2d 1162, 1166; Montana Human Rights v. City of Billings (1982), 199 Mont. 434, 443, 649 P.2d 1283, 1288; State v. Kirkland (1979), 184 Mont. 229, 235, 602 P.2d 586, 590.
The Tenth Circuit Court of Appeals addressed a similar issue in Kemmerer Coal Co. v. Brigham Young Univ. (10th Cir. 1983), 723 F.2d 54. Kemmerer was a quiet title action filed by Brigham Young University (B.Y.U.) to quiet title to certain property to which it had obtained title through tax deeds. Under Utah’s statute of limitations, a challenge to a tax deed must be filed within four years of the date of the tax deed. B.Y.U. contended that, in light of this four-year limitation, Kemmerer was barred from challenging the validity of the tax deed some 20 years after the tax sale. Kemmerer contended that the tax deed was void for lack of due process since Kemmerer’s predecessor in interest (San Rafael) received no notice of the tax sale even though there was no question but that San Rafael was the true owner at the time of the sale. The Tenth Circuit held that Kemmerer did not have standing to assert San Rafael’s deprivation of due process.
Kemmerer itself has suffered no due process injury. If a constitutional violation occurred, it was the taking of San Rafael’s property without due process. Kemmerer thus seeks to advance its claim by *124 asserting a third-party's constitutional rights. “[T]he general rule is that ‘a litigant may only assert his own constitutional rights or immunities.’ ” [Citations omitted.] This rule has been applied to bar a grantee’s assertion that its grantor’s due process rights were violated. See Hewitt v. Glaser Land & Livestock Co., 97 Nev. 207, 626 P.2d 268 (1981); accord United States v. Haddon, 550 F.2d 677, 681 (1st Cir. 1977).
Kemmerer, 723 F.2d at 57. The court concluded that:
While it may have been “repugnant to fundamental fairness,” Frederiksen [v. LaFleur (Utah 1981)], 632 P.2d [827,] at 831 n.14, to deprive San Rafael of its property without proper notice, we do not believe it fundamentally unfair to apply the statute of limitations to Kemmerer who bought the coal lands in the face of record notice of a rival claim to “underground rights.”
Kemmerer, 723 F.2d at 57-58.
The Supreme Court of Utah, in Shelledy v. Lore (Utah 1992), 836 P.2d 786, cert. denied, 506 U.S. 1022, 113 S.Ct. 660, 121 L.Ed.2d 586, followed the Tenth Circuit’s reasoning in Kemmerer. In the Utah case, Shelledy had purchased the property in question from the Small Business Administration (SBA). He then filed a quiet title action against parties who claimed title under a tax deed issued by the county at a tax sale. Shelledy argued that the SBA, as a federal agency, was entitled to full sovereign immunity and that this immunity barred the county’s attempt to enforce the tax lien. The court observed that, although the SBA may have been able to avoid the tax sale on the basis of its immunity, it did not do so and it no longer has an interest in the property. Shelledy, 836 P.2d at 789. The court then rejected Shelledy’s attempt to assert the SBA’s immunity from taxation, concluding that:
When Shelledy purchased the property from the SBA in 1988, he was on record notice of defendants’ rival claim to the property by virtue of the 1984 tax deed. Therefore, we hold that Shelledy lacks standing to assert the SBA’s constitutional rights and defense.
Shelledy, 836 P.2d at 790.
In the present case, Sanders’ claim of standing is even less color-able than Kemmerer’s or Shelledy’s. Subsequent to the 1992 tax deed, Sanders purchased the property in 1993. Thus, like Kemmerer and Shelledy, Sanders purchased the property with notice of a rival claim by virtue of the earlier tax deed. However, unlike Kemmerer and Shelledy, who purported to assert the due process rights of their predecessors in interest, Sanders attempts to assert the due process *125 rights of a complete stranger to his chain of title. Hannah is not Sanders’ predecessor in interest nor are they in privity with one another. Rather, Hannah stood in the shoes of the purchaser under a contract for deed while Sanders traced his claim to the seller’s interest.
The Court, in allowing Sanders to successfully challenge the tax deed through asserting the rights of third parties, has undermined any finality that would normally attach to a tax deed by virtue of the statute of limitations. As the Kemmerer facts illustrate, if parties such as Sanders or Kemmerer can successfully argue that a tax deed is void ab initio due to lack of notice to a third party, then the statute of limitations for such challenges becomes meaningless.
Under the holding of this case, there is no reason why someone, whose only connection with the property is idle curiosity, cannot search the public records in hope of unearthing a failure to give proper statutory notice to an interested party and threaten to have the tax deed declared void ab initio.
JUSTICE TRIEWEILER joins in the foregoing dissent of Justice W. William Leaphart.