**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

<table>
<tr><td>

LVDG SERIES 125, established under
LVDG LLC, a Nevada series limited
liability company,

    Plaintiff - Appellant,

v.

HAROLD M. WELLES; et al.,

    Defendants - Appellees.

</td><td>

No. 14-15859

D.C. No. 3:13-cv-00503-LRH-
WGC

MEMORANDUM[*]

</td></tr>
</table>

Appeal from the United States District Court
for the District of Nevada
Larry R. Hicks, District Judge, Presiding

Submitted August 10, 2015[**]
San Francisco, California

Before: REINHARDT, TASHIMA, and CALLAHAN, Circuit Judges.

  Appellant LVDG Series 125 appeals the dismissal of its suit to quiet title on

a property located at 1125 Tule Drive in Reno, Nevada.  Because the parties are

---

  [*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

  [**] The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

familiar with the facts and procedural history, we do not restate them except as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand for further proceedings.

1. LDVG Series 125 argues, inter alia, that dismissal of its suit on the merits was improper because the district court had no jurisdiction, because the parties were nondiverse and the former homeowners were not fraudulently joined. Fraudulent joinder occurs when a "plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citation omitted). Under Nevada law, an action to quiet title "may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (citation omitted). Because the former homeowners have never claimed that they had an interest in the property after foreclosure, the quiet title claim fails to state a claim against them, and the failure is obvious. *See Hunter*, 582 F.3d at 1043. Thus, the district court did not err in ignoring the presence of the homeowners for the purposes of assessing diversity. *See id.*

2. The district court dismissed LVDG Series 125's suit based on its determination that a homeowner's association's ("HOA") foreclosure based on a

2

super-priority lien under Nevada law does not extinguish a first security deed of trust. However, the Nevada Supreme Court has since held in *SFR Investments Pool 1, LLC v. U.S. Bank, N.A.*, 334 P.3d 408 (Nev. 2014), that an HOA has a true super-priority lien on a property for nine months of unpaid assessments, and foreclosure on this lien extinguishes all other interests in that property. Accordingly, the district court's dismissal, to the extent it was based on a contrary interpretation of the Nevada HOA super-priority statutory scheme, was erroneous. *See, e.g.*, *Olympic Sports Prods., Inc. v. Universal Athletic Sales Co.*,760 F.2d 910, 913 (9th Cir. 1985) (federal courts "are bound to follow the decisions of a state's highest court in interpreting that state's law") (citation omitted).

3.      Wells Fargo Bank, N.A. ("Wells Fargo") argues that the dismissal of the suit was proper because LVDG Series 125's purchase of the Tule Drive property was commercially unreasonable. Nevertheless, "inadequacy of price, however gross, is not in itself a sufficient ground" for setting aside a sale as commercially unreasonable, because "there must be in addition to proof of some element of fraud, unfairness, or oppression as accounts for and brings about the inadequacy of price." *Brunzell v. Woodbury*, 449 P.2d 158, 159 (Nev. 1969) (citation omitted). Wells Fargo has not identified any ground aside from the low price which might render the sales commercially unreasonable. Although the

3

Nevada Supreme Court later held that HOA super-priority lien foreclosures extinguish first deeds of trust, that holding did not render the sales commercially unreasonable at the time the sales occurred.

We accordingly REVERSE the district court's dismissal and REMAND for further proceedings. This remand is without prejudice to any constitutional arguments the parties may make below, which the district court may address in the first instance. We note that the State of Nevada or the Federal Housing Finance Agency may wish to intervene in the proceedings below, in light of the possible constitutional issues that the district court may address on remand.

**REVERSED AND REMANDED.**