GERALD D. NELSON et al., as Successor Trustees under the Will of WILLIAM NELSON, Deceased, et al., Appellants, v. CITY OF NEW YORK, Respondent.— In an action pursuant to article 15 of the Real Property Law and for other relief with respect to two parcels of property located respectively in Kings and Queens Counties, title to which has been acquired by defendant through in rem foreclosures, plaintiffs, former owners, appeal from a judgment entered on an order granting defendant's motion for judgment on the pleadings and for summary judgment. Judgment unanimously affirmed, without costs, and without prejudice to plaintiffs taking such proceedings as they may be advised with respect to moving in the foreclosure action to open their default and with respect to enforcing in that action whatever rights or remedies plaintiffs may have. No opinion. Present — Adel, Acting P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RAYMOND N. SABOURIN, Appellant.— Judgment of the County Court, Queens County, convicting defendant of the crime of wrongfully practicing medicine (Education Law, §§ 6501, 6502, 6513) reversed on the law and a new trial ordered. It was error to compel defendant, through his attorney, to produce defendant's records and to receive such records in evidence, over defendant's objection. (*People* v. *Gibson*, 218 N. Y. 70; *People* v. *Minkowitz*, 220 N. Y. 399.) It was also error to refuse to charge defendant's requests numbered 5 and 7. (*People* v. *Maybrook*, 301 N. Y. 637; *Matter of Sausser* v. *Department of Health*, 242 N. Y. 66.) We have examined the facts and would not reverse if it were not for the errors referred to, which, in our opinion, affected defendant's substantial rights. Nolan, P. J., Adel, Wenzel, MacCrate and Beldock, JJ., concur.

■

JOSEPH RUBENFELD, Doing Business under the Name of ALLIED REALTIES, Respondent, v. GREAT PARK CORPORATION et al., Appellants, et al., Defendants.— Defendants Great Park Corporation, Feldman and Alper appeal from so much of an order as denied their motion to dismiss the complaint pursuant to rule 106 of the Rules of Civil Practice, on the ground that it does not state facts sufficient to constitute a cause of action. Order, insofar as appealed from, affirmed on the authority of *Hornstein* v. *Podwitz* (254 N. Y. 443) and *Tatarsky* v. *Wavecrest Bldg. Corp.* (268 App. Div. 885), with $10 costs and disbursements. Adel, Acting P. J., Wenzel, Schmidt, Beldock and Murphy, JJ., concur.