COVEY, COMMITTEE, *v.* TOWN OF SOMERS.

No. 380. Argued March 29, 1956.—Decided May 7, 1956.

*Samuel M. Sprafkin* argued the cause for appellant. With him on the brief were *Adolph I. King* and *Mandel Matthew Einhorn.*

*Otto E. Koegel* argued the cause and filed a brief for appellee.

*John R. Davison,* Assistant Attorney General, argued the cause for the State of New York, as *amicus curiae,* urging affirmance. With him on the brief were *Jacob K. Javits,* Attorney General, and *James O. Moore, Jr.,* Solicitor General.

MR. CHIEF JUSTICE WARREN delivered the opinion of the Court.

The application of Article VII–A, Title 3, of the New York Tax Law to the mentally incompetent ward of appellant is challenged as being repugnant to the Due Process and Equal Protection Clauses of the Fourteenth Amendment.

The statute, in § 165 *et seq.,* provides for the judicial foreclosure of tax liens on real property. The filing at the county clerk's office of a list of taxes delinquent more than four years constitutes the filing of a notice of *lis pendens* and of a complaint, and commences an action against the property. Provision is made for notice by publication, by posting, and by mailing. The prescribed notice is to the effect that, unless the amount of unpaid tax liens, together with interest and penalties which are a lien against the property, are paid within 7 weeks, or an answer interposed within 20 days thereafter, any person having the right to redeem or answer shall be forever foreclosed of all his right, title, and interest and equity of redemption in and to the delinquent property. Provision is made for entry of a judgment of foreclosure awarding possession of the property to the tax district

and directing execution of a deed conveying an estate in fee simple absolute to the district. The provisions of Title 3 purport to be applicable to and valid and effective with respect to all defendants, even though one or more of them be infants, incompetents, absentees, or nonresidents of the State of New York.

Section 165–h (7) makes the deed presumptive evidence of the regularity of the proceedings. After two years this presumption becomes conclusive. The Section further provides that no action to set aside the deed may be maintained unless commenced and a *lis pendens* notice filed prior to the time the presumption becomes conclusive.

We are met at the outset with the contention of appellee and the State of New York, *amicus curiae*, that an action, as distinguished from the motion in the original proceeding here utilized, was the exclusive remedy in this case. The statute itself contains no suggestion that a new action is the exclusive remedy; it merely limits the time within which *an* action may be brought to set aside the deed. The Second Department of the Appellate Division, which decided this case, has recognized the existence of equitable power to entertain a motion to open a default in an *in rem* tax proceeding.[1] If that were not enough, appellee, on oral argument, conceded that in an action of the sort contemplated by § 165–h (7), the appellant would have been able to attack the deed only on the ground of alleged irregularities in the assessment and foreclosure proceedings. Although the Attorney General of New York has supported a contrary position, it was

---

[1] *Nelson* v. *City of New York*, 283 App. Div. 722, 127 N. Y. S. 2d 854. A subsequent motion to open the default was denied, 284 App. Div. 894, 134 N. Y. S. 2d 597. That action was affirmed by the Court of Appeals, 309 N. Y. 94, 127 N. E. 2d 827, and the case is pending on appeal to this Court, No. 636, O. T. 1955.

admitted at the argument that there was no decision to support his view. Our conclusion that the constitutional question was properly raised by appellant's motion is reinforced by the action of the Court of Appeals which amended its remittitur to disclose that a constitutional question was presented and necessarily decided on the appeal to that court. 308 N. Y. 941, 127 N. E. 2d 90. Manifestly, no constitutional question could have been reached if the Court of Appeals had been of the opinion that the appellant had pursued the wrong remedy.

This proceeding started on May 8, 1952. The Town of Somers instituted it to foreclose many tax liens, one of which was its lien against the parcel of real property owned by the incompetent. In compliance with the statute, notice was given to the incompetent taxpayer by mail, by posting a notice at the post office, and by publication in two local newspapers. No answer having been filed by the incompetent, judgment of foreclosure was entered on September 8, 1952, and on October 24, 1952, a deed to her property was delivered to the town. Five days later, on October 29, 1952, Nora Brainard was certified by the County Court as a person of unsound mind, and one week later, November 6, 1952, she was committed to the Harlem Valley State Hospital for the insane. Thereafter, on February 13, 1953, appellant filed bond pursuant to an order appointing him Committee of the person and property of the incompetent.

Sometime prior to September 22, 1953, the town offered the incompetent's property for sale at a minimum bid price of $6,500. The unpaid taxes, interest, penalties, costs of foreclosure, attorney's fees, and maintenance charges on the property to September 22, 1953, aggregated $480. On that date, appellant's attorney appeared before the Town Board and offered to repay the town the amount due on the property in consideration

of its return to the incompetent's estate. The offer was refused.[2]

Appellant then filed a motion in the County Court of Westchester County, where the judgment of foreclosure had been entered, for an order to show cause why the default should not be opened, the judgment vacated and the deed set aside, and permission granted "to answer or appear or otherwise move with respect to" the notice of foreclosure. He alleged in a supporting affidavit that, although Nora Brainard's incompetency was known to the town officials, no guardian was appointed until shortly after the foreclosure. Appellant contended that the notice given to Nora Brainard, although in compliance with the statute, was inadequate in the case of a known incompetent, and, therefore, that the statute as applied was repugnant to the Fourteenth Amendment.

The trial court, finding that the incompetent had not been deprived of her constitutional rights and that the statute is valid, denied the motion. The Appellate Division of the Supreme Court, one judge dissenting, affirmed on the ground that the rights of the parties are fixed after expiration of the 7 weeks and 20 days provided for redemption or answer in § 165–a of the tax law. 283 App. Div. 883, 129 N. Y. S. 2d 537. The Court of Appeals, which, as noted before, certified that a question under the Fourteenth Amendment was raised and necessarily decided, likewise affirmed. 308 N. Y. 798, 125 N. E. 2d 862. We noted probable jurisdiction. 350 U. S. 882.

At this stage of the proceedings we are bound, as were the courts below, to assume that the facts are as disclosed by the uncontroverted affidavits filed with appellant's motion for an order to show cause. From these it appears that Nora Brainard was a long-time resident of the Town

---

[2] Thereafter the town rescheduled the sale of the property at a minimum bid price of $3,500.

of Somers in the State of New York, and a person of means at all times financially able to meet her obligations, owning four pieces of improved real property in addition to the home property which has been taken by foreclosure. She lived alone, however, and had no relative in the State of New York or any other person present or available to assist her or to act in her behalf in connection with her taxes, despite the fact that she was and for upwards of 15 years had been an incompetent. Although she was known by the officials and citizens of the Town of Somers to be a person without mental capacity to handle her affairs or to understand the meaning of any notice served upon her, no attempt was made to have a Committee appointed for her person or property until after entry of the judgment of foreclosure in this proceeding.

Appellee argues that the Fourteenth Amendment does not require the State to take measures in giving notice to an incompetent beyond those deemed sufficient in the case of the ordinary taxpayer.

> "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. . . . [W]hen notice is a person's due, process which is a mere gesture is not due process. The means employed must be such as one desirous of actually informing the absentee might reasonably adopt to accomplish it." *Mullane* v. *Central Hanover Bank & Trust Co.*, 339 U. S. 306, 314–315.

Notice to a person known to be an incompetent who is without the protection of a guardian does not measure up to this requirement. Assuming the truth of the uncon-

tradicted assertions, that the taxpayer Nora Brainard was wholly unable to understand the nature of the proceedings against her property (from which it must be inferred that she was unable to avail herself of the statutory procedure for redemption or answer), and that the town authorities knew her to be an unprotected incompetent, we must hold that compliance with the statute would not afford notice to the incompetent and that a taking under such circumstances would be without due process of law. The question was appropriately raised and the issue improperly decided against the appellant. The judgment must, therefore, be reversed and the cause remanded for proceedings not inconsistent with this opinion.

*Reversed and remanded.*

Mr. Justice Frankfurter.

If the Court of Appeals saw the case as this Court sees it, reversal of its judgment, for the reasons given in the Court's opinion, would be required. My difficulty arises from the fact that this is so clear that I am compelled to wonder whether the New York Court of Appeals whose judges again and again have evinced due regard for due process would, by a summary disposition, sanction such a denial of due process. This Court has had frequent occasion to advert to the darkness which confronts us in trying to determine the meaning of state legislation and the scope of state remedies. This is particularly true when we are vouchsafed no light either from the Appellate Division or the Court of Appeals regarding the availability of subdivision 7 of § 165–h of the New York Tax Law in a situation, like the present, so obviously calling for relief as a matter of due process. The uncertainties of state law are not removed by conflicting views expressed at the bar of this Court by New York counsel.

148

Nor is my difficulty dissipated by the amended remittitur of the New York Court of Appeals. It reads as follows:

"Upon the appeal herein there was presented and necessarily passed upon a question under the Constitution of the United States, viz., whether the taking by the Town of Somers, of the property here involved, was, on this record, a deprivation of due process and equal protection of the laws under the Fourteenth Amendment. The Court of Appeals held that there was no denial of any constitutional right of the petitioner." 308 N. Y. 798, 125 N. E. 2d 862, as amended in 308 N. Y. 941, 127 N. E. 2d 90.

To be sure, the Court of Appeals thus held "that there was no denial of any constitutional right of the petitioner." But, as that court said, it was only answering the question that was before it, namely, whether "on this record" there was "a deprivation of due process." The court may have reached the conclusion it did because, as a matter of state law, the only thing it deemed before it was a re-opening of the judgment of foreclosure under § 165–a, and that remedy was barred by the statute of limitations. Since the State has power to put a time limit on the re-opening of the judgment of foreclosure under that provision, such action is not a violation of the Fourteenth Amendment. The amended remittitur, thus read, does not preclude a setting aside of the foreclosure deed in a separate proceeding in accordance with § 165–h (7), on a recital of circumstances such as those which lead this Court to find a violation of due process.

If this hypothesis was in fact the basis of the judgment of the Court of Appeals, I assume it to be within the power of that court, when the case is returned, to allow full scope to state remedies still open to the petitioner.