Michael E. Sweeney, J.
This is an action to set aside two conveyances of real property from the County of Washington to the defendant, Louis D. Fuller. The ease was tried before the court without a jury. The complaint also seeks to have the defendant, Louis D. Fuller, decreed a trustee of the property in question and holding the same for the benefit of the plaintiffs and such defendants as may have any interest.
*71 There is no sixbstantial dispute about most of the facts. Prior to the tax sale in question all of the plaintiffs and the defendants with the exception of the defendant, Louis D. Fuller, were tenants in common of the property involved. The defendant Louis D. Fuller is the husband of the defendant Jane Bain Fuller, one of such tenants in common. The plaintiff, Marjorie Nichols has resided on the property in one of the dwellings since 1949 and was so residing at the time of trial.
The property in question was struck down to the county at a tax sale held by the County Treasurer on September 26, 1955 for nonpayment of taxes. A notice was served on October 26, 1956 on one Dorothy Bain, one of the plaintiffs and one of the tenants above mentioned, which purportedly effected a reduction of the time for redemption. Thereafter the County Treasurer conveyed the property to defendant Louis D. Fuller, there having been no redemption pursuant to the notice.
Prior to 1954, Margaret Bain who was the mother of several of the parties to this action, including Jane Bain Fuller, Marjorie Nichols and Dorothy, and who also was the wife of William Bain, Sr., took charge of the property and caused the taxes to be paid. Margaret Bain died in 1954. There apparently was no head to the financial arrangements after that and no taxes were paid thereafter until the property was purchased by the defendant, Louis D. Fuller from the County of Washington. During the lifetime of Margaret Bain, the plaintiff Marjorie Nichols had paid one third of the annual taxes. It appears that after the death of her mother and sometime after the 1955 taxes were due, she learned casually that they were in default. She inquired of several of her brothers and sisters as to paying the taxes. No one seemed to take any interest except she.
Under the then existing law, an individual had 36 months after the tax sale held by the County Treasurer within which to redeem the property. (Tax Law, § 137.) This period of time could be reduced by serving a notice prescribed by the statute. Section 134 of the Tax Law was applicable at the time. Such statute provided as follows: “ § 134. Notice to occupants. If any lot or separate tract of land sold for taxes * * * or any part thereof shall, at the time of the expiration of one year given for the redemption thereof, be in the actual occupancy of any person, the grantee to whom the same shall have been conveyed, or those claiming under him, may ivithin one year from the expiration of the time to redeem, serve a written notice on the person occupying such land, either personally or by leaving the same at the dwelling-house of the occupant, with a person of suitable age and dis *72 cretion belonging to his family for the purpose of reducing the period of redemption. * * * The notice shall state in substance, the sale and conveyance of the land, the person to whom made, the amounts required to redeem such land * * * and that unless such amounts shall be paid * * * within six months after the time of filing of the evidence of the service of such notice * * * the conveyance shall become absolute and the occupant and all others interested in the land be forever barred from all right or title thereto. (Italics supplied.)
It is the contention of the defendant Louis D. Fuller that the 36-month period was reduced by service on plaintiff Dorothy Bain in compliance with the statute. The plaintiffs contend that this service on Dorothy Bain was ineffectual because she was not a person of sufficient discretion, as required by the statute. They further contend that since there were two dwellings on the property in question, one of which was occupied by defendant Marjorie Nichols, service should have been made also on her. The plaintiffs further maintain that the effect of the conveyance to Fuller is that he holds the property in trust for all the tenants in common. The defendants, however, contend that the service was valid and consequently the plaintiffs failed to redeem within the time required by the statute.
As stated above, the property was struck down to the county on September 26, 1955, and, unless the time to redeem was reduced by the service on Dorothy Bain, the occupants or any other persons would have until September 26, 1958 in which to redeem. On the record there was proof of some effort on the part of some of the plaintiffs to redeem within the 36 months. I find also from the proof that the representative of the County Treasurer went to the premises, and while there are two dwellings, he went only to one of them, and there served Dorothy Bain. He made no attempt to serve anyone else. Dorothy Bain, from the testimony of all the witnesses, particularly Marjorie Nichols and Dr. Thorne, was not a person on whom proper service could be made under the statute. She had the mentality of a nine-year-old child, although she was at the time of the trial 33 years old. She cannot read, nor write. She cannot tell time and she has never been able to support herself. She attended school only to the sixth grade and quit at that time when she was 16 years of age. In addition to this, from my personal observations of her in the courtroom and on the witness stand, she impressed me as an individual incapable of understanding the nature or significance of the paper which was attempted to be served upon her, or of realizing it should have been shown to someone else. Furthermore, it is a significant circumstance *73 that Dorothy Bain was at the time of the trial living with the Fullers, the defendants herein. They also were well aware of the capacities she lacked. No proof was offered by way of rebuttal by the defendants to show that she was a competent person. Although there was another tenant in common, i.e., Marjorie Nichols, an occupant of the property who was competent to receive service, such person was not served.
It is my opinion that from her physical appearance and from talking with her, one would and should readily recognize that Dorothy Bain was mentally retarded and an incompetent person (although she had not been adjudged to be such). I conclude, therefore, that as a matter of fact service on Dorothy Bain was insufficient and did not comply with the requirements of the statute in order to shorten the period of redemption. In Covey v. Town of Somers (351 U. S. 141, 146-147), the United States Supreme Court stated as follows: “ Assuming the truth of the uncontradicted assertions, that the taxpayer Nora Brainard was wholly unable to understand the nature of the proceedings against her property (from which it must be inferred that she was unable to avail herself of the statutory procedure for redemption or answer), and that the town authorities knew her to be an unprotected incompetent, we must hold that compliance with the statute would not afford notice to the incompetent and that a taking under such circumstances would be without due process of law.”
It is true that in the Covey case the authorities had actual knowledge of the incompetency and there is no such proof in the instant case. Here, however, in my opinion, from personal observation, Dorothy Bain’s condition was such that anyone conversing with her would realize she was an incompetent and this is tantamount to actual knowledge.
The period of redemption, therefore, was not reduced by effective service in compliance with the statute and a full 36-month period of redemption was afforded. The conveyances to Fuller are void and ordered set aside. The period of redemption is extended from the date of entry of the judgment herein for a period of one year.