SECOND DEPARTMENT, FEBRUARY, 1987

(February 2, 1987)

■ WALTER E. BLUM, as Administrator of the Estate of NAOMI BLUM, Deceased, Respondent-Appellant, v SHIRLEY STONE, Appellant-Respondent, et al., Defendant. (Matter No. 1.) In the Matter of WALTER E. BLUM, as Administrator of the Estate of NAOMI BLUM, Deceased, Respondent-Appellant, v

JOHN V. SCADUTO et al., Respondents, and SHIRLEY STONE, Appellant-Respondent. (Matter No. 2.)—In an action to determine a claim to certain property pursuant to RPAPL article 15 (matter No. 1), which has been consolidated with a proceeding pursuant to CPLR article 78, to compel the Treasurer of Nassau County to, *inter alia,* permit the redemption of a tax lien issued against the property (matter No. 2), Shirley Stone appeals from a judgment of the Supreme Court, Nassau County (Burke, J.), entered November 2, 1984, which permitted the redemption of her tax lien and the cancellation of her tax deed; and Walter Blum, in his capacity as administrator of the estate of Naomi Blum, cross-appeals from a trial ruling which denied his application to present reputation testimony in order to establish that Naomi Blum was a known but unadjudicated incompetent.

Justice Niehoff has been substituted for the late Justice Gibbons *(see,* 22 NYCRR 670.2 [c]).

Ordered that the cross appeal is dismissed, without costs or disbursements, and it is further,

Ordered that on Shirley Stone's appeal the judgment is reversed, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith; and it is further,

Ordered that Walter Blum is awarded one bill of costs.

The cross appeal of Walter Blum is dismissed because he is not aggrieved by the order and judgment (CPLR 5511); his claim of error with regard to the exclusion of reputation testimony is brought up for review and has been considered on Shirley Stone's appeal from the judgment (CPLR 5501 [a] [1]; *Parochial Bus Sys. v Board of Educ.,* 60 NY2d 539, 544-546).

Naomi Blum acquired title to the subject premises in September of 1947. The property, which is located in the Incorporated Village of Great Neck, Nassau County, is improved by a single-family home. Mrs. Blum resided in this home from 1937 until her death in December of 1983. It appears that until 1979 Mrs. Blum regularly paid all real estate taxes as well as other obligations which were incident to her ownership of the property. However, due to Mrs. Blum's failure to pay certain taxes for the year 1978/1979, a lien representing the amount of tax arrears was levied against the property. On February 19, 1980, this lien was sold by the Treasurer of Nassau County to Shirley Stone. Mrs. Stone, thereafter, increased the amount of the lien by paying certain taxes that were due and owing for the years 1979/1980 and 1980/1981, upon Mrs. Blum's

failure to pay these arrears herself. At the time Mrs. Stone initially purchased the tax lien from the county, Naomi Blum was approximately 93 years of age, had been living alone, and her mental condition had, evidently, been progressively deteriorating.

Pursuant to the provisions of the Nassau County Administrative Code, Mrs. Stone, on November 23, 1981, forwarded by certified mail a notice to redeem, advising Mrs. Blum that in the event the tax lien was not satisfied on or before February 25, 1981, Stone would elect to accept the deed of conveyance to the Blum property. When the tax lien was not redeemed within the time specified in the notice, Mrs. Stone applied for and was ultimately issued a tax deed to the property.

The instant action and proceeding were instituted by Walter Blum on behalf of his mother Naomi Blum in December 1983.* The gravaman of their complaint was that the tax sale procedures mandated by the Nassau County Administrative Code were not properly complied with and that the incompetency of Naomi Blum rendered inadequate the method of notice prescribed by that code.

The court, after conducting a hearing, concluded that the notice provisions of the Nassau County Administrative Code satisfied the due process requirements of the Fourteenth Amendment and that "neither actual nor constructive notice of Mrs. Blum's reputed incompetency can be attributed to the defendant-respondents". Trial Term did, however, declare the tax deed to be null and void on the ground that Mrs. Stone had erroneously sworn in an affidavit that she had mailed the notice to redeem to Mrs. Blum's last known address, as required by the Nassau County Administrative Code, when, in actuality, the notice to redeem had been mailed to an address bearing a different zip code than that specified in Mrs. Stone's affidavit. The trial court was of the view that Mrs. Stone had failed to strictly comply with the notice provisions of the Nassau County Administrative Code in light of the discrepancy with respect to the zip code, coupled with the erroneous assertion in her affidavit. It held that strict compliance with the notice provisions was required before an owner of property could be divested of title.

We are of the view that the zip code discrepancy does not prove fatal to Mrs. Stone's claim. However, we do find that

---

* Mrs. Blum died shortly after the commencement of these legal proceedings and Walter Blum was subsequently appointed administrator of her estate.

Trial Term committed error in refusing to allow the introduction of reputation testimony concerning Mrs. Blum's competency or lack thereof. It was argued before the trial court, as well as on appeal that, because Mrs. Blum was a known but unadjudicated incompetent and had been suffering from "Senile Dementia", the statutory notice provisions with respect to the tax sale and redemption period were inadequate and that, as a result, the tax deed issued to Mrs. Stone was null and void.

In *Covey v Town of Somers* (351 US 141), the Supreme Court held that, in an action to foreclose upon a tax lien, the normal statutory notice requirements are insufficient to protect the rights of a known but unadjudicated incompetent. Moreover, where there are allegations that the one upon whom the notice of redemption is served is a known but unadjudicated incompetent, it is essential that a factual inquiry be conducted to ascertain whether the recipient of the notice lacked the mental capacity to understand the nature of the proceedings against the property or to understand the meaning and import of the notice served upon them *(see, Goldmyrtle Realty Corp. v Woellner,* 36 AD2d 968).

During the course of the hearing, the plaintiff Walter Blum sought to demonstrate that the state of his mother's mental health had been steadily and perceptibly deteriorating and that she had been unable to manage her own affairs at the time of the pertinent proceedings herein. Mr. Blum further attempted to establish that the statutory notice provisions were inadequate to apprise his incompetent mother of the pending proceedings and that the tax deed was, therefore, issued without due process of law.

The ability of Mr. Blum to prove these matters, however, was to some extent hampered by the trial court's refusal to permit the introduction of reputation evidence to the effect that Mrs. Blum was known by members of the community in which she resided as well as by a certain village official to have been an unadjudicated incompetent. The trial court's refusal to accept this tender of proof was predicated upon an erroneous interpretation of the Supreme Court's decision in *Covey v Town of Somers (supra).* The trial court was apparently under the impression that in order for the plaintiff to successfully establish that the notice procedures delineated in the Nassau County Administrative Code failed to satisfy the requirements of due process, pursuant to the holding in *Covey,* the plaintiff was required to prove that either Mrs. Stone or the County Treasurer knew or should have known of Mrs.

Blum's diminished capacity. Indeed, in its decision, the trial court stated: "While certain residents and one official of the Village of Great Neck may have been aware of Naomi Blum's eccentricities and occasionally bizarre behavior, there is no basis in the record upon which to charge the defendant-respondents with such knowledge * * * where, as here, neither actual nor constructive notice of Mrs. Blum's reputed incompetency can be attributed to the defendant-respondents * * * the notice provided by the Nassau County Administrative Code * * * afforded her due process."

Nowhere in the *Covey* case is there mention of a requirement that there must be proof that the party serving the notice or that the agency responsible for effecting a taking of property knew or should have known that the owner of said property was an unprotected incompetent. In fact, in *Covey,* it was conceded, for purposes of the appeal, that the plaintiff was known to be an unadjudicated incompetent by the town authorities involved in the foreclosure proceeding. In addition to this concession, however, the Supreme Court further noted in its decision that the judgment of foreclosure had been entered although the owner of the property "was known by the officials and citizens of the Town of Somers [in which she resided] to be a person without mental capacity" *(Covey v Town of Somers, supra,* at 146 [emphasis added]). By so noting, the Supreme Court implicitly indicated that reputation evidence regarding the property owner's mental capacity might be probative in determining whether that person was a known but unadjudicated incompetent and, therefore, entitled to more stringent notice procedures than that afforded by statute or local law.

Moreover, to impose a requirement that there be proof of actual or constructive knowledge of the property owner's lack of capacity on the part of those seeking to divest that party of title, would, in effect, nullify any additional protection afforded by *Covey* and would render its holding applicable solely to the factual situation there encountered.

We, therefore, conclude that the plaintiff Walter Blum should have been afforded the opportunity to present reputation evidence concerning his mother's mental capacity and that a new hearing must, accordingly, be conducted to determine whether, under the circumstances, the notice procedures utilized at bar satisfied the requirements of due process. Mangano, J. P., Bracken, Niehoff and Eiber, JJ., concur.