ALITO, Circuit Judge,
concurring and dissenting:
I join parts I and III of the opinion of the court and concur in the judgment insofar as it relates to No. 98-3578. However, I respectfully dissent from the court’s disposition of No. 98-3579 and from part II of the opinion of the court, which adopts an interpretation of due process that has no basis in prior decisions of the Supreme Court or our circuit.
The question before us is not whether it would be good policy to require the government in forfeiture proceedings to provide notice to interested parties by some means superior to the mail. Rather, the question is whether the government complied with the minimum requirements of the Due Process Clause by sending notice by mail (return receipt requested) to McGlory at the facility where he was detained. Under Supreme Court precedent, this met constitutional standards. The Supreme Court has repeatedly referred to the service of notice by mail as sufficient to satisfy the minimum requirements of due process. See, e.g., Tulsa Prof'l Collection Services v. Pope, 485 U.S. 478, 490, 108 S.Ct. 1340, 99 L.Ed.2d 565 (1988); Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 800, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983) (“Notice by mail or other means as certain to ensure actual notice is a minimum constitutional precondition to a proceeding which will adversely affect the liberty or property interests of [a] party....”).[1]
The majority seemingly acknowledges that service by mail sent to the addressee’s current address is constitutionally adequate in almost all other contexts, but the majority holds that such notice may not be sufficient when sent to a detainee or prisoner. Why? Why is it that mail sent to, say, an inexpensive long-term-occupancy hotel is reasonably calculated under all the *160 circumstances to apprise an interested party of the pendency of a forfeiture action but mail sent to a jail or prison may not be? The answer must be that there is a significantly higher probability that mail sent to such hotels will reach the addressees than is the case with mail sent to a jail or prison. But where is the evidence that this is so? The majority studiously avoids this point — for the very good reason that no evidence whatsoever to this effect has been adduced, by McGlory, the majority in this case, or any other judicial opinion of which I am aware. Such systemic problems may or may not exist; I don’t know; and I doubt that my colleagues do either. But without such evidence, there is no logical basis for the majority’s decision.
It may well be that it would be advisable for those with legislative or rulemaking authority to require the government in forfeiture cases to provide better notice than is required by the minimum standard imposed by due process. Congress has recently manifested concern about the fairness of federal forfeiture procedures and has enacted the Civil Asset Forfeiture Reform Act of 2000, Pub.L. No. 106-185, 114 Stat. 202 (2000), to remedy the problems that it found. This Act, however, does not require that notice of forfeiture be provided by some means better than the mail, but perhaps Congress should consider that question. Congress has the capability— which the federal courts plainly lack — to investigate whether notice of forfeiture sent by mail fails to reach the addressee in a significant number of cases. (The mere fact that McGlory and a handful of other federal prisoners and detainees have claimed that they did not receive notice sent by mail to their facilities is hardly enough to show the existence of a serious problem.) Congress also has the ability to craft a rule that is specifically targeted to deal with any problem it finds to exist. It can specify the addressees to which any such rule applies — e.g., all persons to whom notice is provided, only those in custody, only those in custody on federal charges, or only those in federal facilities. And it can provide that any new rule will not have retroactive effect. A court, in interpreting the Due Process Clause, lacks such flexibility.
I have three additional observations about the majority’s decision. First, although the decision formally applies only to notices of forfeiture sent by the federal government to persons in custody on federal charges, its logic extends to any forfeiture notices sent to any persons in custody. If notice of a federal forfeiture proceeding that is sent by mail to a person in a state facility on federal charges is not reasonably calculated under all the circumstances to apprise that person of the pendency of the federal forfeiture proceeding, notice of a state forfeiture proceeding that is sent by mail to another person held in the same facility on state charges cannot be reasonably calculated to inform that person of the pendency of the state forfeiture proceeding. Thus, the majority’s decision has a broad logical sweep.
Second, the majority’s standard regarding the adequacy of mail handling procedures is left open-ended and will almost certainly lead to confusion and litigation. Under the majority’s decision, notice by mail to a detainee or prisoner satisfies due process only if the facility’s mail handling procedures at the time in question were reasonably calculated to ensure that the notice reached the addressee. See Maj. Op. p. 155. What does this mean in practical terms? Must there be a written policy? Must the addressee sign a receipt? May delivery of the mail be entrusted to other detainees or prisoners? Must the mail be handed to the addressee personally? One or more rounds of litigation will almost certainly be required to answer these and related questions.
Third, although the majority has attempted to devise a rule that will not impose an undue evidentiary burden in cases in which forfeiture judgments are sought to be vacated for lack of proper *161 notice, the majority’s decision may well prove quite difficult to administer. As previously noted, the majority’s mail handling standard is murky, and attempting to establish what procedures were followed at various points in the past at the numerous state and federal facilities in which federal detainees and prisoners have been held may not be easy. And if the majority’s decision is extended to state detainees and prisoners, as I think logic requires, the problem will be magnified.
I would hold that due process was satisfied and leave it to the legislative or rulemaking processes to decide whether additional notice requirements should be imposed in forfeiture cases.

. On only one occasion has the Court held that notice by mail sent to the addressee's correct address was not constitutionally adequate. In Covey v. Town of Somers, 351 U.S. 141, 76 S.Ct. 724, 100 L.Ed. 1021 (1956), the Court held that due process was violated where notice of foreclosure for delinquent taxes was mailed to a person who was known to be incompetent, lived alone, and had no guardian, no relatives in the state, and no other person who was able to help her with her taxes. Id. at 146-47, 76 S.Ct. 724. Thus, Somers hardly supports the majority’s holding here.