■ ORRA REALTY CORP., Appellant, v THOMAS J. GILLEN et al., Respondents, et al., Defendants, and SUZANN BLANCO ROGERS, Appellant. [847 NYS2d 602]—

In an action pursuant to RPAPL article 15, inter alia, for a judgment declaring that a tax deed to certain real property dated June 27, 2005, is null and void, and that the defendant The Gillen Living Trust, doing business as Jumbo Investments, does not have absolute and unencumbered title to the real property, the plaintiff appeals, as limited by its brief, and the defendant Suzann Blanco Rogers, as administratrix of the estate of Mario Blanco, separately appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Nassau County (Robbins, J.), entered April 27, 2006, which, among other things, upon an order of the same court entered March 9, 2006, granting the motion of the defendant The Gillen Living Trust, doing business as Jumbo Investments, for summary judgment and denying their respective cross motions for summary

judgment, declared that the tax deed is valid, and that the defendant The Gillen Living Trust, doing business as Jumbo Investments, has absolute and unencumbered title to the real property.

Ordered that the judgment is reversed insofar as appealed from, on the law, with one bill of costs payable by the respondents, the respective cross motions of the plaintiff and the defendant Suzann Blanco Rogers, as administratrix of the estate of Mario Blanco, for summary judgment are granted, the motion of the defendant The Gillen Living Trust, doing business as Jumbo Investments, for summary judgment is denied, and it is declared that the subject tax deed dated June 27, 2005, is null and void and that the defendant The Gillen Living Trust, doing business as Jumbo Investments, does not have absolute and unencumbered title to the real property.

In December 1986 Leonard Shumsey gave a mortgage to Mario Blanco secured by real property located at 75 West Sunrise Highway in Freeport (hereinafter the premises), which mortgage was duly recorded in the office of the Nassau County Clerk (hereinafter the recording office). In April 2002 Mario Blanco executed a partial assignment of the mortgage to the plaintiff. Although the partial assignment of the mortgage to the plaintiff was indexed in the recording office under an incorrect section, block, and lot number, it was correctly indexed in the grantor-grantee alphabetical index maintained by the recording office, under "Blanco, Mario."

At a tax auction conducted by the Village of Freeport on December 13, 2002, the defendant The Gillen Living Trust, doing business as Jumbo Investments (hereinafter GLT), purchased a tax lien certificate referable to the premises. On December 16, 2003 Mario Blanco (hereinafter the decedent) died. In December 2004 GLT sent a notice to redeem to the owner of record by certified mail, return receipt requested, addressed to "Mario Blanco," at the address of record in the records of the tax collecting officer (see Real Property Tax Law former § 1464 [1]; Local Law No. 7 [1994] of Vil of Freeport). The postal return receipt card (hereinafter the return receipt) indicated that the recipient was "Executor of Estate of Mario Blanco." The return receipt was signed and the "agent" box thereon was checked by one of the decedent's sons Gary Steven Blanco (hereinafter Gary), who was a legatee under his will. Gary signed the return receipt as "Gary Steven Blanco, 'c/o Mario Blanco Estate,' " even though he had not been appointed as a representative of the decedent's estate. On March 15, 2005 the decedent's daughter, the defendant Suzann Blanco Rogers, was appointed the administratrix of the decedent's estate.

Notwithstanding its knowledge of the decedent's death, GLT did not petition the Surrogate's Court for the appointment of an administrator, as it could have done pursuant to SCPA 1402 (1) (b). In addition, although GLT had actual knowledge of the partial assignment of the mortgage to the plaintiff, no notice to redeem was sent to the plaintiff, since GLT only searched the records in the recording office under the correct section, block, and lot number, and the partial assignment that would have revealed the plaintiff's address had been filed under the incorrect section, block, and lot number. Since there were no responses to the notices to redeem, the Village, on June 27, 2005, issued a tax deed to GLT with respect to the premises. The plaintiff commenced this action, inter alia, for a judgment declaring that the tax deed is null and void and that GLT does not have absolute and unencumbered title to the premises. The plaintiff named GLT, Suzann Blanco Rogers, as administratrix of the estate of Mario Blanco (hereinafter the estate), and several others as defendants. The estate cross-claimed against GLT, seeking the same relief, that is, a judgment declaring that the tax deed is null and void and that GLT does not have absolute and unencumbered title to the premises. The Supreme Court declared that the tax deed was valid, and that GLT has absolute and unencumbered title to the premises. We reverse.

Due process does not require actual receipt of notice before issues concerning a person's property interests may be adjudicated; it is sufficient that the means selected for providing notice is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action" (*Mullane v Central Hanover Bank & Trust Co.*, 339 US 306, 314 [1950]). Here, although GLT conceded, in its submissions to the Supreme Court, that it had knowledge of the decedent's death, GLT incorrectly contends on appeal that notice was properly sent to the estate because, at the time the notices to redeem were sent, no representative of the estate had been appointed. In addition, although GLT admitted in its submissions to the Supreme Court that it had prior knowledge of the indexing error pertaining to the partial assignment of the mortgage to the plaintiff, and, indeed, it had previously advised the plaintiff of that fact, GLT inexplicably failed to search the grantor-grantee alphabetical index for the partial assignment and to send notice to the known mortgagee. Under these circumstances, we conclude that the means that GLT selected for providing notice were not reasonably calculated to apprise the interested parties of the pendency of the tax sale and transfer and afford them an opportunity to redeem the outstanding tax lien (*see generally Covey v Town of Somers*, 351 US 141 [1956]; *Harville v County*

*of Erie*, 148 AD2d 954, 956 [1989] [Green, J., dissenting]; *Blum v Stone*, 127 AD2d 549 [1987]; *cf. Temple Bnai Shalom of Great Neck v Village of Great Neck Estates*, 32 AD3d 391 [2006]). Accordingly, GLT's motion for summary judgment should have been denied, the respective cross motions of the plaintiff and the Estate should have been granted, and a declaration made that the tax deed is null and void, and that GLT does not have absolute and unencumbered title to the premises. Schmidt, J.P., Skelos, Lifson and Balkin, JJ., concur.