SCHOELEN, Judge,
concurring:
Although I agree with the majority’s ultimate holding, I respectfully dissent from that part of the decision that includes representation by counsel as a factor to consider when determining whether a claim has been implicitly denied.
In the context of implicit denials, the majority finds that whether a claimant is represented is particularly relevant at two, separate and distinct, times during the claims process. First, they state that it is relevant to determining “what disability is claimed” — presumably because an attorney has the legal experience and knowledge to effectively communicate a request for entitlement to a specific benefit. Ante at 217. Second, they state that it is relevant to “how any decision based on the implicit denial analysis is interpreted.” Ante at 217. Here, they rely on an attorney’s ethical obligation to provide competent representation to his client.
Undoubtedly, representation by counsel can be an invaluable asset to the unsophisticated lay-claimant who may not understand the labyrinths of VA’s adjudication system. One would expect the added benefit of more precise pleadings, succinct legal arguments, and a greater understanding of the agency’s adjudication of the claim and the appellate process. However, while the presence of counsel can positively influence a claim’s processing and the claimant’s understanding of VA’s decision on the claim, I do not believe that there is any basis in law for finding the presence of counsel to alleviate, or alter the scope of, VA’s obligations to a claimant.
VA’s duty to liberally construe and sympathetically read a veteran’s pleadings generally applies equally to represented and unrepresented claimants. I respectfully submit that the majority erroneously attempts to draw a distinction between represented and unrepresented claimants by stating that the presence of counsel *219 “may be a factor in determining the degree to which the pleading is liberally construed.” Ante at 213 (citing Robinson v. Peake, 21 Vet.App. 545, 554 (2008)) (emphasis added). However, on review, the Federal Circuit flatly rejected this notion in Robinson v. Shinseki, 557 F.3d 1355, 1360 (Fed.Cir.2009), when it explained that “it would defeat the congressional purpose of increasing the much needed attorney assistance if direct appeal attorney filings were read in a less sympathetic light than pro se filings.” See also Comer v. Peake, 552 F.3d 1362, 1370 (Fed.Cir.2009) (“To hold that a veteran forfeits his right to have his claims read sympathetically if he seeks assistance ... would be to discourage veterans from seeking the much-needed assistance.”); Robinson v. Peake, 21 Vet.App. at 564 (Schoelen, J., dissenting) (stating that “the majority’s artificial distinction between represented and unrepresented claimants ... impede[s] ‘Congress’s clear desire to create a framework conducive to efficient claim adjudication.’ ” (quoting Sanders v. Nicholson, 487 F.3d 881, 889 (Fed.Cir.2007), rev’d on other grounds sub nom. Shinseki v. Sanders, 556 U.S. 396, 129 S.Ct. 1696, 173 L.Ed.2d 532 (2009))). The Federal Circuit clearly held that “the veteran’s efforts to raise issues on direct appeal should be liberally construed whether or not the veteran is represented by counsel.” Robinson, 557 F.3d at 1362; see also Roberson v. Principi, 251 F.3d 1378, 1384 (Fed.Cir.2001) (VA is obligated to “determine all potential claims raised by the evidence”); but see Andrews v. Nicholson, 421 F.3d 1278 (Fed.Cir.2005) (holding that the duty to liberally read pleadings does not apply to filings by counsel alleging clear and unmistakable error).
I recognize that common sense dictates that represented claimants are more likely to understand from VA’s decision that a claim has been implicitly denied. However, my esteemed colleagues fail to cite any authority to support the notion that notice of a decision may be lessened if the claimant is represented nor do they explain how VA would satisfy its obligation to provide notice of a decision to a represented claimant. “An elementary and fundamental requirement of due process in any proceeding ... is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.” Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Although there are circumstances that require enhanced due process protections beyond what is ordinarily expected, I am not aware of any case law that permits less solely because a party is represented. See Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 799, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983) (“[A] party’s ability to take steps to safeguard its interests does not relieve the State of its constitutional obligation.”); Mullane, 339 U.S. at 319-20, 70 S.Ct. 652 (“In some situations the law requires greater precautions in its proceedings than the business world accepts for its own purposes. In few, if any, will it be satisfied with less.”); see also Jones v. Flowers, 547 U.S. 220, 221, 126 S.Ct. 1708, 164 L.Ed.2d 415 (2006) (“[T]he constitutionality of a particular notice procedure is assessed ex ante, not post hoc.”); Covey v. Town of Somers, 351 U.S. 141, 147, 76 S.Ct. 724, 100 L.Ed. 1021 (1956) (compliance with statutory notice requirements found insufficient in the case of a person known to be incompetent who is without the protection of a guardian). Moreover, the majority does not explain what standard should be adopted — if not the reasonable person standard — when assessing whether VA has provided adequate notice of a decision. Just how cryptic can VA’s *220 decision be and still satisfy the “reasonable claimant” standard?
Finally, the majority provides no explanation for expanding upon the Federal Circuit’s decision in Adams v. Shinseki, which clearly identified three factors to consider when determining whether it would be clear to a reasonable person that an adjudication that expressly addresses one claim implicitly denied another: (1) the language of the decisions and the description of the evidence considered in the VA adjudication, (2) the relatedness of the claims, and (3) the timing of the claims. 568 F.3d 956, 963-64 (Fed.Cir.2009). The Federal Circuit did not consider whether the appellant was represented by counsel in determining whether the appellant received fair notice of a VA decision and the majority provides no basis for injecting an additional factor into the analysis.
Therefore, although I concur with the majority’s decision, I cannot agree with its inclusion of representation by counsel as a factor to consider when determining whether a claim has been implicitly denied.