BR Madison, LLC v McCord (2026 NY Slip Op 01178)

BR Madison, LLC v McCord

2026 NY Slip Op 01178

Decided on March 4, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 4, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2022-03499
2022-03500
2023-05692
 (Index No. 605937/21)

[*1]BR Madison, LLC, respondent, 
vEstelle Y. McCord, etc., et al., defendants, Paris J. Woods, etc., appellant.

Gail M. Blasie, P.C., Garden City, NY, for appellant.
Robert Bichoupan, P.C., Great Neck, NY (Carolyn Bichoupan of counsel), for respondent.

DECISION & ORDER
In an action pursuant to RPAPL article 15 to quiet title to certain real property, the defendant Paris J. Woods appeals from (1) an order of the Supreme Court, Nassau County (David P. Sullivan, J.), entered March 7, 2022, (2) an order and judgment (one paper) of the same court entered March 23, 2022, and (3) an order of the same court entered April 6, 2023. The order entered March 7, 2022, granted the plaintiff's motion for summary judgment declaring that the plaintiff is the record holder and owner of all rights, title, and interest in the subject property. The order and judgment granted the same relief to the plaintiff and declared that the plaintiff is the record holder and owner of all rights, title, and interest in the subject property. The order entered April 6, 2023, denied the motion of the defendant Paris J. Woods for leave to renew his opposition to the plaintiff's motion for summary judgment declaring that the plaintiff is the record holder and owner of all rights, title, and interest in the subject property.
ORDERED that the appeal from the order entered March 7, 2022, is dismissed; and it is further,
ORDERED that the order and judgment is reversed, on the law, the plaintiff's motion for summary judgment declaring that the plaintiff is the record holder and owner of all rights, title, and interest in the subject property is denied, and the order entered March 7, 2022, is modified accordingly; and it is further,
ORDERED that the appeal from the order entered April 6, 2023, is dismissed as academic in light of our determination on the appeal from the order and judgment; and it is further,
ORDERED that one bill of costs is awarded to the defendant Paris J. Woods.
The appeal from the order entered March 7, 2022, must be dismissed because the right of direct appeal therefrom terminated with the entry of the order and judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order entered March 7, 2022, are brought up for review and have been considered on the appeal from the order and judgment (see CPLR 5501[a][1]).
In May 2021, the plaintiff commenced this action pursuant to RPAPL article 15 to [*2]quiet title to certain real property located in Hempstead against the defendant Estelle Y. McCord, among others. The complaint alleged that the plaintiff acquired the property as a result of a tax lien sale and the issuance of a treasurer's deed and sought a judgment declaring that the plaintiff is the record holder and owner of all rights, title, and interest in the property. McCord died in June 2021, and the defendant Paris J. Woods, as heir to McCord's estate, appeared in the action by counsel in September 2021. The plaintiff then served and filed an amended complaint against, among others, McCord and Woods, as heir to McCord's estate and individually.
Thereafter, the plaintiff moved for summary judgment declaring that the plaintiff is the record holder and owner of all rights, title, and interest in the property. In support of the motion, the plaintiff submitted, inter alia, an affidavit of Verlene Holder, the Village of Hempstead Superintendent of Tax and Water. Holder averred that a notice of tax lien sale was sent by first-class mail to McCord at her address of record, which was the same as the property address, advising her that a tax lien on the property due to certain unpaid taxes would be sold at a tax lien sale, and that the notice of tax lien sale was not returned to sender. Holder also averred that the Village of Hempstead "caused notice of the tax lien sale to be published in the Beacon, the official newspaper of the Village, on April 13, 2018, April 20, 2018 and April 27, 2018." The notice of tax lien sale sent to McCord, as well as copies of the tax records from which the Village obtained her address, were attached to Holder's affidavit. The notice of tax lien sale was dated March 1, 2018.
In addition, the plaintiff submitted a tax sale certificate dated May 3, 2018, signed by Raymond J. Calame, the Village Treasurer, stating that the tax lien on the property had been purchased by the plaintiff for the sum of $6,255.26. The plaintiff also submitted a notice of redemption dated September 15, 2020, which was served that same day on McCord at the property address by first-class mail and certified mail, return receipt requested. The plaintiff submitted signed certified mail receipts and copies of envelopes for the notices of redemption. The notice of redemption stated that in order to redeem the property, the total amount due had to be paid to the Village within six months from the date of service of the notice of redemption and that in the event of the failure to redeem within the time limited, the Village Treasurer shall, upon proper written application, execute and deliver to the plaintiff a conveyance of the property. The plaintiff also submitted a treasurer's deed dated April 28, 2021, signed by Joseph Gill, as the Village Treasurer, conveying the property to the plaintiff.
In opposition, Woods submitted, among other things, an affidavit in which he averred, in effect, that McCord was an unadjudicated incompetent at the time she received the relevant notices. Woods also submitted medical records from Winthrop University Hospital dated February 27, 2018, that consisted of discharge instructions to McCord explaining dementia and prescribing certain medications typically used to treat Alzheimer's disease.
In an order entered March 7, 2022, the Supreme Court granted the plaintiff's motion for summary judgment declaring that the plaintiff is the record holder and owner of all rights, title, and interest in the property. In an order and judgment entered March 23, 2022, the court granted the same relief to the plaintiff and declared that the plaintiff is the record holder of all rights, title, and interest in the property. Woods appeals from the order and judgment.
Thereafter, Woods moved for leave to renew his opposition to the plaintiff's motion for summary judgment. In support, Woods submitted additional medical records and a letter from McCord's primary care physician buttressing Woods's allegation that McCord had Alzheimer's disease with dementia at the time she received the subject notices. Woods asserted that despite due diligence, he was unable to obtain these documents until after the Supreme Court issued the order entered March 7, 2022. In an order entered April 6, 2023, the court denied Woods's motion. Woods appeals.
"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections" (Mullane v Central Hanover Bank & Trust Co., 339 US 306, 314; see BR Madison, LLC v Novas, 234 AD3d 907, 909). Here, the plaintiff submitted evidence of the mailing and publication of the notice of tax lien sale and the mailing of the notice of redemption. This evidence, on its face, was sufficient to satisfy due process in this case (see Matter of Harner v County of Tioga, 5 NY3d [*3]136, 140; BR Madison, LLC v Novas, 234 AD3d at 910; Matter of Roslyn Jane Holdings, LLC v Jefferson, 144 AD3d 1041, 1043). However, in opposition, Woods raised a triable issue of fact as to whether McCord was incompetent and therefore deprived of due process by submitting Woods's affidavit and the Winthrop University Hospital discharge instructions issued to McCord just before the notice of tax lien sale was sent to her. Contrary to the plaintiff's contention, there is no "requirement that there be proof of actual or constructive knowledge of the property owner's lack of capacity on the part of those seeking to divest that party of title" in order to raise a triable issue of fact in such circumstances (Matter of Blum v Scaduto, 127 AD2d 549, 553; see Covey v Town of Somers, 351 US 141, 146-147). Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment declaring that the plaintiff is the record holder and owner of all rights, title, and interest in the property.
In light of our determination, we need not reach the parties' remaining contentions.
BARROS, J.P., CHRISTOPHER, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court